E. P. Keiffer (SBN 11181700)
Kim E. Moses (SBN 24035872)
**Wright Ginsberg Brusilow P.C.**
The Elm Place Building
1401 Elm Street, Suite 4750
Dallas, TX  75202
Phone: (214) 651-6517
Fax:     (214) 744-2615
Email: pkeiffer@wgblawfirm.com
Email: kmoses@wgblawfirm.com

**PROPOSED ATTORNEY FOR
ONDOVA LIMITED COMPANY, DEBTOR**

## UNITED STATES DISTRICTCOURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **NETSPHERE, INC. et al.,** | § | |
| | § | **Civil Action No. 3-09cv0988-F** |
| Plaintiffs, | § | |
| vs. | § | |
| | § | |
| **JEFFREY BARON, et al.,** | § | |
| | § | |
| Defendants. | § | |

## APPLICATION FOR AN ORDER
## OF REFERENCE TO THE BANKRUPTCY COURT

Notice is hereby given that Ondova Limited Company files this request for an order, pursuant to Miscellaneous Rule No. 33 of the United States District Court for the Northern District of Texas entered August 3, 1984, referring this case to the United States Bankruptcy Court for the Northern District of Texas, and would state as follows:

### Procedural Background

1.   Ondova Limited Company is a defendant in the civil action filed on May 28, 2009, in the Northern District of Texas, Dallas Division by Netsphere, Inc, Manila Industries, Inc., and Munish Krishan (collectively "**Plaintiffs**").

2. On July 27, 2009, Ondova Limited Company (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. A true and correct copy of the filed petition for relief is attached hereto as Exhibit "A".

### Request for Relief

3. Miscellaneous Rule No. 33 of the United States District Court for the Northern District of Texas entered August 3, 1984, continues to provide that proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges of the district for consideration and resolution ("**General Order of Reference**"). A true and correct copy of the General Order of Reference is attached hereto as Exhibit "B".

4. The case at bar which started out as a judicial collection matter brought by Plaintiffs in this Court, has evolved into an involuntary judicial liquidation of the Debtor's estate without any of the normal safeguards or guidelines which apply in a proceeding under the Bankruptcy Code. The very nature of this Court's original jurisdiction, diversity, limits it to discrete disputes. Such a jurisdictional basis can not accommodate the multitude of other constituencies which are present in a Bankruptcy Case. As such, this Court can only determine a small portion of the claims currently pending against the Debtor, while the Bankruptcy Court can determine them together in total, and provide a means by which the Debtor can address them.

5. The claims before this Court are only a percentage of the total claims against the Debtor. The Debtor has significant contingent liability for asserted and unasserted claims of trademark infringement, cyber-squatting, unpaid legal fees and trade debt such as registration fees due to third parties, which cannot be satisfied in this proceeding.

6. The Plaintiff parties to the District Court Litigation are currently subject to the automatic stay and can not pursue the relief or remedies requested. However, as noted, certain issued preliminary orders and injunctions continue to affect the Debtor and its ability to comply with its duties and obligations under the Bankruptcy Code. For example, the Debtor is subject to an order modifying its internal administrative procedures in which Plaintiffs have authority to functionally control the ordinary course of the Debtor's business..

7. Additionally, the Debtor is subject to an order directing that it continue to retain professionals which have not either subsequently been: (a) employed by the bankruptcy estate; or (b) approved by the Bankruptcy Court[1]. Moreover, the retainer amount and conditions for payment imposed by this Court pre-petition are antithetical to standard bankruptcy procedures. Requiring the Debtor to deposit a substantial portion of its operating cash to assure the retention and payment of professionals whose employment by the bankruptcy estate has not been approved by the Bankruptcy Court,[2] (and which would not be approved under such terms under applicable bankruptcy jurisprudence) is of great concern to the Debtor.

8. Pursuant to 28 U.S.C. §1452(a), removal to the bankruptcy court is appropriate, even of cases subject to the automatic stay, if the matter arises in, arises under, or is related to a bankruptcy proceeding. But removal has its conceptual and functional difficulties.

9. What guides removal, as well as referral, is generally the three prong jurisdictional scope set forth in 28 U.S.C. § 1334. The first prong involves matters "arising in" a

---

[1] Section 327 of the Bankruptcy Code provides for employment of professional persons that do not hold or represent an interest adverse to the estate and that are disinterested. Such employment to and premised upon approval by the Bankruptcy Court. Subsection (e) of that section provides that an attorney that has represented the debtor prior to the filing may be employed by the estate only if the attorney does not represent or hold any interest adverse to the debtor or to the bankruptcy estate with respect to the matter upon which such attorney is to be employed.

[2] Compensation of professionals employed by the bankruptcy estate is governed by section 328, 329, and/or 330 of the Bankruptcy Code and is subject to approval and governed by the Bankruptcy Court.

case under title 11 refers to those matters involving administrative issues that could arise only in a bankruptcy case. The second prong involves matters "arising under title 11" and refers to substantive rights or causes of action created exclusively by the Bankruptcy Code. As stated above, the conflicts created by pre-petition counsel and the post-petition employment requirements are matters arising in or under a bankruptcy proceeding. Also, the MOU is, in bankruptcy terms, an executory contract, subject to assumption or rejection by the Debtor. Plaintiffs rights related to the MOU will be determined with reference to section 365 of the Bankruptcy Code when such election is made. If rejected, Plaintiffs will simply have a monetary claim against the estate, not a right to dismember the Debtor and/or assume possession of property of the estate. If assumed, the parties can resume interpretation and implementation of the contract, as necessary, guided by the Bankruptcy Court's overview. As such, the District Court Litigation is subject to and inextricably involved with matters arising in or arising under the bankruptcy case and fall squarely within the Bankruptcy Court's jurisdiction.

10.    In addition, with respect to deposits held by pre-petition counsel, the Debtor's right to request that such property be returned to the estate under section 543 of the Bankruptcy Code is a matter arising under title 11. Other unique bankruptcy rights and causes of action may exist with respect to property of the estate and the District Court Litigation.

11.    Moreover, Plaintiffs assertion of an alter ego claim in the District Court Litigation against Mr. Baron presents problems. After the filing of the bankruptcy, such claims became property of the bankruptcy estate, held for the benefit of all creditors of the estate, not just for Plaintiffs, as set forth in well known Fifth Circuit authority See *Matter of S.I. Acquisition, Inc.* 817 F.2d 1142 C.A.5 (Tex.), 1987. Accordingly, any remedy resulting from the alter ego claim would accrue to the bankruptcy estate for the benefit of all creditors of the Debtor.

12. With respect to matters 'related to' a bankruptcy proceeding, it is only necessary that the outcome of the matter conceivably have an effect on the estate being administered.[3] The District Court Litigation involves a substantial amount of property of the bankruptcy estate as well as the Debtor's operation and management of such property and is inextricably bound up in the bankruptcy case. Thus, the impact of the District Court Litigation has been, and continues to be significant.

13. The District Court Litigation involves claims that arise under, arise in, and/or are related to the bankruptcy proceeding because they concern or affect (i) allowance or disallowance of claims against the estate, (ii) turnover of property of the estate, (iii) adjustment of the debtor-creditor relationship, (iv) alter ego claims held by the bankruptcy estate; (v) selection, retention, and payment of professionals; (vi) operation of the Debtor's business; (vii) control of Debtor's assets; and (viii) rejection or assumption of executory contracts. In addition, the liquidation of a majority of the Debtor's assets and turnover of a substantial amount of cash through the District Court Litigation to the Plaintiff effects and limits the Debtor's ability to administer and reorganize under the Bankruptcy Code.

14. If the District Court Litigation was pending in state court or any other district court, the Debtor would simply file a notice of removal and the case would be immediately removed to the bankruptcy court and the non-standard aspects of the pre-petition proceedings would be addressed in the bankruptcy court. But, because the bankruptcy court is in the same judicial district as this Court, authority indicates that a request for referral is the principal means

---

[3] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995).

to that end.[4]  Accordingly, the Debtor files this request for referral, which has the same effect as simply removing the case.

15.     It makes sense for the bankruptcy court, rather than this Court, to resolve the issues raised by Plaintiffs, since so many of the issues and their resolution impact the bankruptcy estate and the bankruptcy process directly.  The filing of the Debtor's bankruptcy case creates an independent ground of federal subject matter jurisdiction.  This matter, which concerns claims against the estate, property of the estate, what creditors may receive, and operation of the Debtor's business, engages all of the bankruptcy jurisdictional bases; arising in, arising under, and/or related to jurisdiction.

16.     Referral to the bankruptcy court allows the parties in the District Court Litigation, as well as all parties in interest, to address the matters of important and continue the pursuit of the appropriate remedies and relief, rather than having to resolve the inherent confusion created by the continuing impact of the District Court Litigation on the Debtor's ability to proceed with an orderly liquidation and/or reorganization of its business, rights, and assets in a single fair and equitable proceeding as provided in the Bankruptcy Code.

17.     Instead of a piecemeal dismemberment of the Debtor for the benefit of a single creditor as would be the result in the District Court Litigation, the transfer of the District Court Litigation to the bankruptcy court ensures that the issues raised are addressed in light of the unified approach to determination of the Debtor's liabilities, continued operation of the Debtor's business for the benefit of all creditors, and performance of ongoing business obligations, that is fair and reasonable to all parties and creditors of the Debtor's bankruptcy estate.

---

[4] *Indus. Clearinghouse v. Mims (In re Coastal Plains, Inc.)*, 326 B.R. 102, 108 (Bankr. N.D.Tex. 2005). See also, *In re Mitchell*, 206 B.R. 204, 210 (Bankr. C.D.Ca. 1997); *Thomas Steel Corp. v. Bethlehem Rebar Indus.*, 101 B.R. 16, 19 (Bankr. N.D.Ill. 1989)

18.     Notwithstanding the many good reasons identified above regarding why the Bankruptcy Court should handle this case, since transfer to the Bankruptcy Court would be automatic upon removal if the case were pending in any other court, and since Miscellaneous Order No. 33 compels this result, the Debtor asserts its request should be granted by this Court as a matter of course.

## Conclusion

19.     In sum, this action is inextricably intertwined with the bankruptcy proceeding and raises issues unique to the bankruptcy process which will impact the resolution of these issues; accordingly, it should be referred to the bankruptcy court as a matter of course.

20.     For the foregoing reasons, the Court should refer this action, pursuant to Miscellaneous Order No. 33, to the Bankruptcy Court for the Northern District of Texas, Dallas Division.  A proposed order of referral is attached hereto as Exhibit "C".

Respectfully submitted by,

**WRIGHT GINSBERG BRUSILOW P.C.**

 */s/ E. P. Keiffer*
E. P. Keiffer (SBN 11181700)
Kim E. Moses (SBN 24035872)
1401 Elm Street, Suite 4750
Dallas, Texas  75202
Telephone:  (214) 651-6500
Facsimile:  (214) 744-2615
E mail: pkeiffer@wgblawfirm.com
Email:  kmoses@wgblawfirm.com

**ATTORNEYS FOR DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing APPLICATION FOR ORDER OF REFERENCE TO THE BANKRUPTCY COURT has been forwarded to the parties who have appeared in this case through the counsel listed in this Court's docket, this 4th day of August, 2009.

                                        */s/ Kim E. Moses*
                                         Kim E. Moses

# Exhibit "A"

| United States Bankruptcy Court | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business** (Check **one** box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other _____

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)
- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box.)
- ☐ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information** THIS SPACE IS FOR COURT USE ONLY
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☐ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B 1 (Official Form) 1 (1/08) | | Page 3 |
|---|---|---|
| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): | |

### Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. X _____ Signature of Debtor X _____ Signature of Joint Debtor _____ Telephone Number (if not represented by attorney) _____ Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only **one** box.) ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. X _____ (Signature of Foreign Representative) _____ (Printed Name of Foreign Representative) _____ Date |
| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X _____ Signature of Attorney for Debtor(s) _____ Printed Name of Attorney for Debtor(s) _____ Firm Name _____ Address _____ Telephone Number _____ Date *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. _____ Printed Name and title, if any, of Bankruptcy Petition Preparer _____ Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) _____ Address X _____ _____ Date Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. X _____ Signature of Authorized Individual _____ Printed Name of Authorized Individual _____ Title of Authorized Individual _____ Date | |

# Exhibit "B"

# ORDER OF REFERENCE OF BANKRUPTCY CASES AND PROCEEDINGS NUNC PRO TUNC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

## MISCELLANEOUS RULE NO. 33

Pursuant to Section 104 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. Section 157, it is hereby

ORDERED nunc pro tunc as of June 27, 1984 that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 which were pending in the Bankruptcy Court of the Northern District of Texas on June 27, 1984, which have been filed in this district since that date and which may be filed herein hereafter (except those cases and proceedings now pending on appeal) be and they hereby are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law.

It is further ORDERED that the Bankruptcy Judges for the Northern District of Texas be, and they hereby are, directed to exercise the authority and responsibilities conferred upon them as Bankruptcy Judges by the Bankruptcy Amendments and Federal Judgeship Act of 1984 and this court's order of reference, as to all cases and proceedings covered by this order from and after June 27, 1984.

In accordance with 28 U.S.C. Section 157(b)(5), it is further ORDERED that all personal injury tort and wrongful death claims arising in or related to a case under Title 11 pending in this court shall be tried in, or as determined by, this court and shall not be referred by this order.

So ORDERED this the 3rd day of August, 1984.

/s/ Halbert O. Woodward
HALBERT O. WOODWARD
CHIEF JUDGE
NORTHERN DISTRICT OF TEXAS

# Exhibit "C"

UNITED STATES DISTRICTCOURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NETSPHERE, INC. et al., § | |
| § | Civil Action No. 3-09cv0988-F |
| Plaintiffs, § | |
| vs. § | |
| § | |
| JEFFREY BARON, et al., § | |
| § | |
| Defendants. § | |

### ORDER OF REFERENCE TO THE BANKRUPTCY COURT

Came on for consideration the Application for an Order of Reference to the Bankruptcy Court filed by Ondova Limited Company, the debtor and debtor-in-possession in Case No. 09-34784-sgj-11 filed on July 27, 2009, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. The Court, having determined that the relief requested is proper; accordingly

**IT IS HEREBY ORDERED** that Civil Action No. 3-09cv0988-F pending in the United States District Court for the Northern District of Texas, Dallas Division be and hereby is referred to the Bankruptcy Court for the Northern District of Texas, Dallas Division, pursuant to Miscellaneous Order No. 33.

DATED:  August ___, 2009.

_____
UNITED STATES DISTRICT JUDGE