UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
˙DALLAS DIVISION

| | | |
|---|---|---|
| NETSPHERE, INC. | § | |
| MANILA INDUSTRIES, INC.; and | § | |
| MUNISH KRISHAN | § | |
| | § | |
|      Plaintiffs, | § | CIVIL ACTION NO. 3-09CV0988-F |
| vs. | § | |
| | § | |
| JEFFREY BARON and | § | |
| ONDOVA LIMITED COMPANY, | § | |
| | § | |
|      Defendants. | § | |

## DEFENDANTS' EMERGENCY MOTION FOR CLARIFICATION OF OBLIGATIONS UNDER THE PRELIMINARY INJUNCTION

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW**, Jeffrey Baron ("Baron") and Ondova Limited Company ("Ondova") (Baron and Ondova are collectively referred to as "Defendants") and file this Emergency Motion for Clarification of Obligations Under the Preliminary Injunction, and for cause would respectfully show unto the Court as follows:

### I.

On June 26, 2009, the Court entered a Preliminary Injunction. On July 6, 2009, the Court entered an Amendment to Preliminary Injunction. The Court's Preliminary Injunction confirmed that the disputed domain names had been split.

On July 15, 2009, Plaintiffs' half of the disputed domain names were transferred to the registrar of Plaintiffs' choice.[1]

---

[1] Unbeknownst to Defendants and in violation of the Preliminary Injunction, Plaintiffs did not transfer all of their half of the disputed domain names off Ondova's registry. Instead, Plaintiffs left approximately 300-400 domain names on Ondova's registrar.

On July 29, 2009, Ondova filed for bankruptcy protection in the United States Bankruptcy Court for the Northern District of Texas.

A dispute has arisen regarding Ondova's ongoing obligations to the Plaintiffs following the division of the disputed domain names as required under the Preliminary Injunction.

On August 6, 2009, the Bankruptcy Court partially lifted the stay for Defendants to seek reconsideration of the Preliminary Injunction.

The relevant portions of the Preliminary Injunction at issue are:

The Court hereby ORDERS that Defendants Jeffrey Baron and Ondova Limited Company (the "Defendants"), their agents, employees, representatives, officers, servants, affiliates, assigns, successors, attorneys and all persons in active concert or participation with the Defendants or under the Defendants' direction or control, and all other persons who receive actual notice of this Order, are:

(1) prohibited from deleting, affirmatively allowing to expire, or transferring to any third parties any domain names from the Netsphere Portfolio, except for names subject to a UDRP order or unless agreed to in advance by the Netsphere Parties, until the Netsphere Portfolio (as defined below) has been transferred off Ondova's registrar and to the registrar of the Netsphere Parties' choice;

(2) prohibited from altering or modifying in any way the "WHOIS" information for any domain names registered at Ondova prior to [July 15, 2009] except for names subject to a UDRP order or unless agreed to in advance by the Netsphere Parties; *after [July 15, 2009], Defendants are prohibited from altering or modifying in any way the "WHOIS" information for any of the Netsphere Portfolio domain names registered at Ondova except for names subject to a UDRP order and agreed to in advance by the Netsphere Parties*;....

## II.
## THE DISPUTE

The disputed domain names have now been split and Plaintiffs' half of the disputed domain names have been transferred out of Ondova's control and to the registrar of Plaintiffs' choice. Notwithstanding, Plaintiffs claim that the Preliminary Injunction requires Defendants to seek Plaintiffs' input and approval to alter or modify the WHOIS information regarding the names remaining on Ondova's registry.

Defendants, on the other hand, contend that following July 15, 2009 -- the transfer of the disputed domain names -- Defendants should not have to seek Plaintiffs' input and approval to alter or modify the WHOIS information.[2]  The Preliminary Injunction, as written, only requires Defendants to seek Plaintiffs' input and approval for names belonging to Plaintiffs ("Defendants are prohibited from altering or modifying in any way the "WHOIS" information for any of the Netsphere Portfolio domain names).  The fact that Plaintiffs abandoned 300-400 names should not change the intent or effect of the Court's Preliminary Injunction.  Defendants' contend that this is the only reasonable interpretation of the Preliminary Injunction based upon its plain meaning and principles of statutory/contract construction.

Plaintiffs' proposed interpretation of Paragraph 2 of the Preliminary Injunction is choking Ondova's continuing operations.  By demanding oversight, Ondova's interaction with its customers and the orderly carrying out of routine business operations are being hamstrung with unnecessary burdens and red-tape.  Accordingly, Defendants request an expedited hearing on this matter.

### III.
### ARGUMENT AND AUTHORITY

Under Paragraph 1 of the Preliminary Injunction, Defendants are only prohibited from deleting, affirmatively allowing to expire, or transferring to any third parties domain names from the Netsphere Portfolio until those names have been transferred off of Ondova's registrar and to the registrar of Plaintiffs' choice.  "Netsphere Portfolio" is defined by the Preliminary Injunction on page 3 as the "Even Group Portfolio."  Thus, by omission, Paragraph 1 of the Preliminary

---

[2] Despite all of Plaintiffs' arguments justifying the need for emergency relief and to split up the disputed domain names in accordance with the Memorandum of Understanding, and after obtaining the Preliminary Injunction requiring a transfer of the disputed domain names, Plaintiffs failed to transfer all of their half of the disputed domain names to the registrar of their choice.  Thus, manufacturing the need for Plaintiffs' continued oversight of Ondova's business.

Injunction does not prohibit Defendants from deleting, allowing to expire, or transferring to any third party any of the domain names on Defendants' half of the list after the transfer. This makes sense because Plaintiffs have no rights or interest to the remaining domain names on Ondova's registry.

Thus, under Paragraph 2 after the first semi-colon, the prohibition against altering or modifying the WHOIS information can only apply to Plaintiffs' half of the domain names because the order refers to the defined term "Netsphere Portfolio." Again this makes sense, because post split and transfer, which this provision is dealing with, Plaintiffs have no rights or interest to the remaining domain names on Ondova's registry. Thus, regarding the domain names remaining on Ondova's registry, Defendants are free to alter or modify the WHOIS information without Plaintiffs' oversight.

If the Preliminary Injunction intended to prohibit Ondova from being able to alter or modify the WHOIS information for any names regardless of the split and transfer: (1) there would have been no need for differing orders pre and post transfer as exist under Paragraph 2 of the Preliminary Injunction; and, (2) the order would have used a different term than Netsphere Portfolio, a defined term. Furthermore, there is no conceivable justification for continuing oversight after the split and transfer of Plaintiffs' domain names to the registrar of their choice.

Moreover, the interpretation argued by Plaintiffs flies in the face of principles of statutory/contract construction. First, Plaintiffs' interpretation would impermissibly expand Paragraph 1 beyond its plain meaning. Paragraph 1, by its omission, explicitly allows Defendants to delete, allow to expire, or transfer domain names that do not belong to Plaintiffs after Plaintiffs' half of the domain names have been transferred off Ondova's registrar. But, Plaintiffs' interpretation of Paragraph 2 would prohibit Defendants from deleting, allowing to

expire, or transferring any of the remaining domain names on Ondova's registry because such an action would necessarily alter or modify the WHOIS information. Thus, Plaintiffs' proposed interpretation violates the principle of statutory/contract construction in that it would not give effect to every provision in the Preliminary Injunction. Second, Paragraph 2 of the Preliminary Injunction varies the prohibition of altering or modifying WHOIS information based upon when the transfer of the domain names was to occur. Before July 15, 2009 -- the transfer of Plaintiffs' half the disputed domain names -- Defendants were generally prohibited for altering or modifying WHOIS information for any name registered at Ondova. But, after July 15, 2009, Defendants were only prohibited from altering or modifying WHOIS information for Plaintiffs' domain names, which would not have been an issue if Plaintiffs had transferred all of the names as contemplated by the Preliminary Injunction. Plaintiffs argue that the prohibition before the first semi-colon is a general prohibition against altering or modifying WHOIS information that remains in effect throughout the entire pendency of this litigation. But, Plaintiffs' proposed interpretation would violate the principle of statutory/contract construction that specific provisions control over general provisions.

**WHEREFOR PREMISES CONSIDERED**, Jeffrey Baron and Ondova Limited Company respectfully pray that the Court clarify Defendants' obligations under the Preliminary Injunction; and, for such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled.

Dated: September 8, 2009

Respectfully submitted,

s/ Ryan K. Lurich
**Lawrence J. Friedman**
Texas Bar No. 07469300
**James Robert Krause**
Texas Bar No. 11714525
**Ryan K. Lurich**
Texas Bar No. 24013070
**Carter Boisvert**
Texas Bar No. 24045519

**FRIEDMAN & FEIGER, L.L.P.**
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Telephone)
(972) 776-5313 (Telecopier)
lfriedman@fflawoffice.com
jkrause@fflawoffice.com
rlurich@fflawoffice.com

**COUNSEL FOR DEFENDANTS
JEFFREY BARON AND
ONDOVA LIMITED COMPANY**

## CERTIFICATE OF CONFERENCE

This shall certify that the undersigned attempted to confer with counsel for Plaintiffs, John W. MacPete, Esq., regarding the merits of this motion. The undersigned did not receive a response from Mr. MacPete. Because the differing interpretations of Ondova's ongoing obligations under the Preliminary Injunction is disrupting Ondova's business, this motion is submitted to the Court for determination.

s/ Ryan K. Lurich
Ryan K. Lurich

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2009, Defendants electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Northern District of Texas, Dallas Division, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept the Notice as service of this document by electronic means:

| | |
|---|---|
| John W. MacPete, Esq. | Peter S Vogel, Esq. |
| Locke Lord Bissell & Liddell, L.L.P. | Gardere Wynne Sewell |
| 2200 Ross Avenue, Suite 2200 | 1601 Elm Street, Suite 3000 |
| Dallas, Texas 75201 | Dallas, Texas 75201 |
| (214) 740-8662 (Telephone) | (214) 999-4422 (Telephone) |
| (214) 740-8800 (Telecopier) | (214) 999-3422 (Telecopier) |
| | |
| Craig A Capua, Esq. | Charla G. Aldous, Esq. |
| West & Associates L.L.P. | Aldous Law Firm |
| 320 South RL Thornton Frwy | 2305 Cedar Springs Road |
| Suite 300 | Suite 200 |
| Dallas, Texas 75203 | Dallas, Texas 75201 |
| (214) 941-1881 (Telephone) | (214) 526-5595 (Telephone) |
| (469) 364-7139 (Telecopier) | (214) 526-5525 (Telecopier) |
| | |
| Jeffrey H Rasansky, Esq. | |
| Rasansky Law Firm | |
| 2525 McKinnon Street | |
| Suite 625 | |
| Dallas, Texas 75201 | |
| (214) 651-6100 (Telephone) | |
| (214) 651-6150 (Telecopier) | |

s/ Ryan K. Lurich
Ryan K. Lurich