IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NETSPHERE, INC., | § | |
| MANILA INDUSTRIES., INC., AND | § | |
| MUNISH KRISHAN | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:09-CV-0988-F |
| | § | |
| JEFFREY BARON AND | § | |
| ONDOVA LIMITED COMPANY, | § | |
| | § | |
| DEFENDANTS. | § | |

**THE RECEIVER'S NOTICE OF BANKRUPTCY ORDER FOR GARY SCHEPPS
TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED FOR
ASSISTING IN THE PURPORTED REPRESENTATION OF
<u>NOVO POINT, LLC WITHOUT AUTHORITY TO DO SO</u>**

On September 6, 2011, the Bankruptcy Court for the Northern District of Texas issued an

order stating, *inter alia*, that Gary Schepps, purported counsel for appellant Novo Point, LLC,

must appear and show cause why he should not be held in contempt and sanctioned for making

filings on behalf of Novo Point, LLC without demonstrating authority to do so in contravention

of a court order.

**A.      Novo Point, LLC is a Receivership Party.**

    1.      <u>The Court issues an Order Appointing Receiver.</u>

The underlying litigation giving rise to this appeal involved, among others, Jeffrey Baron

("Baron"), Ondova Limited Company ("Ondova") and Novo Point, LLC.  Ondova and Novo

Point, LLC served as companies through which Baron conducted much of his business.  After

Baron breached a global settlement agreement, violated an injunction, put Ondova into

bankruptcy in order to avoid a contempt hearing, was poised to breach a second global settlement

agreement, and engaged in the serial hiring and firing of attorneys, the Bankruptcy Court

overseeing the Ondova bankruptcy recommended the appointment of a receiver over Baron and his companies. The court appointed trustee in the Ondova bankruptcy then moved for appointment of a receiver, and on November 24, 2010, the Court entered its Order Appointing Receiver. [Docket No. 124.]

2.    The Court clarifies the Order Appointing Receiver.

On December 17, 2011, the Court entered an order stating that the Order Appointing Receiver always included Novo Point, LLC in its definition of Receivership Parties (i.e., those parties under the control of the court-appointed Receiver). [Docket No. 176.] Novo Point, LLC's counsel agreed to the order in open court (and in the presence of Baron and his attorney, Mr. Schepps, neither of whom objected). [Docket No. 234 at p. 4; Docket No. 235 at Appx. 1-8.]

3.    Novo Point, LLC appeals.

On January 18, 2011, Mr. Schepps—Baron's personal counsel in the these proceedings— purported to represent Novo Point, LLC and filed a notice of appeal of the agreed order stating that Novo Point, LLC was always included in the Order Appointing Receiver. [Docket No. 227.]

4.    The Court instructs Mr. Schepps to show authority to represent Novo Point, LLC.

On January 25, 2011, the Receiver filed a motion requesting that the Court instruct Mr. Schepps to present evidence demonstrating his authority to represent Novo Point, LLC. [Docket No. 248.] On February 4, 2011, the Court granted the Receiver's motion and ordered that Mr. Schepps disclose specific information to demonstrate his purported authority to represent Novo Point, LLC. [Docket No. 291.] At a hearing on February 10, 2011 [Docket No. 265], the Court ordered that Mr. Schepps appear at a transcribed meeting with the Receiver on February 17,

2011 and answer the Receiver's questions and present evidence demonstrating his authority to represent Novo Point, LLC. [*See* Docket No. 333 at pp. 17-18.]

5.     <u>Mr. Schepps fails to demonstrate to the Court or the Receiver his authority to represent Novo Point, LLC.</u>

On February 17, 2011, Mr. Schepps filed a disclosure with the Court purportedly answering all of the authority issues. [Docket No. 320.] But the disclosure is full of gibberish and did not answer questions at all. [*Id.*] Likewise, at the Court-ordered meeting on February 17, 2011, Mr. Schepps refused to answer any questions about the authority issue. [Docket No. 333 at pp. 3, 17-21, 26.] For example, Mr. Schepps refused to discuss even the most basic concepts such as when he first spoke to the individual who allegedly engaged his services, when he became the attorney for Novo Point, LLC, and whether he entered into an engagement agreement to become attorney for Novo Point, LLC. [*Id.* at p. 20.] Mr. Schepps claimed that this material was all protected by the attorney-client privilege and that the Court had not ordered him to disclose this sort of information. [*Id.*] Mr. Schepps likewise failed to provide information regarding his authority to represent Novo Point, LLC to the Receiver at subsequent meetings. [*See* Docket No. 675 at pp. 29-32.]

**B.**     **The Bankruptcy Court Hears a Dispute Over Who Represents Novo Point, LLC.**

1.     <u>The Bankruptcy Court Orders.</u>

On August 2, 2011, the Bankruptcy Court issued orders stating *inter alia* the following:

- Novo Point, LLC is under the sole control of this Court's duly-appointed Receiver, Peter S. Vogel;

- Any party purporting to represent Novo Point, LLC may not file any further pleadings in the Bankruptcy Court on behalf of Novo Point, LLC absent (a) the filing of a motion for authority to do so with the Bankruptcy Court, (b) the scheduling of a hearing on the motion, and (c) a finding from the Bankruptcy

Court of "compelling evidence" in the form of live testimony from parties claiming to have authority to speak for Novo Point, LLC.

(*See* orders attached hereto as Exhibits A and B.)

    2.    <u>Violations of the Bankruptcy Court Orders.</u>

On August 18, 2011, Mr. Schepps made four separate filings via the Bankruptcy Court's electronic filing system for another attorney named Christopher Payne claiming to represent Novo Point, LLC.  (*See* the four separate pleadings attached as Exhibits C-F.)

## C.    The Bankruptcy Court Issues a Show Cause Order.

On September 6, 2011, the Bankruptcy Court issued an order requiring Mr. Schepps to appear before the Bankruptcy Court on October 24, 2011, at 10:30 a.m. and "show cause why [he] should not be held in contempt and sanctioned for filing" the four pleadings in contravention of the Bankruptcy Court's prior order (the "Show Cause Order").  (*See* the Show Cause Order attached as Exhibit G.)  The Bankruptcy Court also observed in the Show Cause Order:

- Mr. Schepps' positions [in response to the Motion to Show Cause] are "weak at best";

- Mr. Schepps does not understand the basic notions of corporate governance; and

- The Bankruptcy Court believes that "vexatious litigation tactics and gamesmanship are at play."

(Exhibit G.)  The Bankruptcy Court also ordered in the Show Cause Order that "Gary Schepps shall file, within 5 days, a statement making the disclosures contemplated by Bankruptcy Rule 2019 . . .."  (*Id.*)  On September 12, 2011, Mr. Schepps filed a document purporting to make the ordered disclosures.  (*See* document attached as Exhibit H.)

Respectfully submitted,

*/s/ Barry M. Golden*
Barry M. Golden
Texas State Bar No. 24002149
Peter L. Loh
Texas Bar Card No. 24036982
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
(214) 999-4667 (facsimile)
(214) 999-3000 (telephone)
bgolden@gardere.com
ploh@gardere.com

**ATTORNEYS FOR THE RECEIVER,
PETER S. VOGEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF system on all counsel of record on September 14, 2011.

*/s/ Peter L. Loh*
Peter L. Loh

THE RECEIVER'S NOTICE OF BANKRUPTCY ORDER FOR GARY
SCHEPPS TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED
FOR ASSISTING IN THE PURPORTED REPRESENTATION OF NOVO
POINT, LLC WITHOUT AUTHORITY TO DO SO                                    5

# Exhibit A

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

United States Bankruptcy Judge

Signed August 09, 2011

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-34784-SGJ |
| ONDOVA LIMITED COMPANY, | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

**ORDER GRANTING TRUSTEE'S MOTION TO STRIKE NOVO POINT'S OBJECTION TO
TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE**

At Dallas, Texas, in said District, on the 26th day of July, 2011, this Court considered the

Trustee's Motion to Strike Novo Point's Objection to Trustee's Motion for Authority to Sell Property

of the Estate [Docket No. 598] (the "Motion")[1] filed on July 25, 2011 by Daniel J. Sherman (the

"Trustee"), the duly-appointed Chapter 11 trustee of Ondova Limited Company (the "Debtor" or

"Ondova").

Upon consideration of the Motion, this Court hereby finds and rules as follows:

A.      This Court has jurisdiction to hear and to determine the Motion and to grant the relief

requested therein pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b). Venue of this case and of the Motion is proper in this

District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] All of the capitalized terms used in this Order, unless otherwise indicated, shall have the meanings ascribed to them in
the Motion.

ORDER GRANTING TRUSTEE'S MOTION TO STRIKE NOVO POINT'S OBJECTION TO
TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE – Page 1

B.    Notice of the Motion was appropriate and sufficient under the circumstances, and no further notice is necessary.

C.    Mr. Dennis Olson and Mr. Christopher A. Payne have no authority to represent Novo Point LLC or Quantec LLC. Novo Point LLC and Quantec LLC are under control of the Receiver pursuant to the terms of the Receivership Order and the Clarification Order entered by the District Court in the District Court Case. While the Receivership Order and the Clarification Order have been appealed, they have not been stayed by the District Court or the Fifth Circuit Court of Appeals.

ACCORDINGLY, IT IS HEREBY:

ORDERED that the Motion is APPROVED. It is further

ORDERED that Novo Point's Objection to Trustee's Motion for Authority to Sell Property of the Estate [Docket No. 597] is denied and struck from the record in this case. It is further

ORDERED that no further pleadings from Novo Point LLC and/or Quantec LLC shall be filed in this case by Mr. Olson, Mr. Payne, or any other party claiming authority to represent Novo Point LLC and/or Quantec LLC. Any party seeking to represent Novo Point LLC and/or Quantec LLC must file a motion to do so (a "Motion for Authority") with this Court and, in said event, a hearing shall be scheduled. At the hearing on a Motion for Authority, live testimony will be required from the parties claiming to have authority to speak for Novo Point LLC and/or Quantec LLC, including the trustee of the SouthPac Trust and Lisa Katz, the purported manager of and/or attorney for Novo Point LLC and Quantec LLC. It is further

ORDERED that this Court shall retain jurisdiction to hear and resolve any and all disputes that may arise from the implementation of this Order.

# # # END OF ORDER # # #

Submitted by:

Raymond J. Urbanik
Texas Bar No. 20414050
Lee Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C.**
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
rurbanik@munsch.com
lpannier@munsch.com

*ATTORNEYS FOR DANIEL J. SHERMAN,*
*CHAPTER 11 TRUSTEE*

# Exhibit B

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

*[signature]*

United States Bankruptcy Judge

Signed August 02, 2011

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| ONDOVA LIMITED COMPANY, | § | Case No. 09-34784-SGJ |
| | § | |
| DEBTOR. | § | |

ORDER GRANTING THE RECEIVER'S MOTION
FOR SHOW OF AUTHORITY AND FINDINGS OF FACT

The Court considered *The Receiver's Response to Novo Point's Objection and the Receiver's Motion for Show of Authority* [Docket No. 602] (the "Motion"), the evidence attached thereto, the arguments of counsel, and the pleadings and evidence on file.

Therefore, it is ORDERED, ADJUDGED, AND DECREED that the Motion is GRANTED.

Further, it is ORDERED, ADJUDGED and DECREED that *Novo Point LLC's Objection to Trustee's Motion for Authority to Sell Property of the Estate* [Docket No. 597], including all attachments, is STRICKEN from the Court's record in the above-entitled matter.

Further, it is ORDERED, ADJUDGED, and DECREED that Christopher Payne, the Law Offices of Christopher Payne, Dennis Olson, and Olson Nicoud & Gueck, LLP have no authority to appear before this Court in the above-entitled matter as counsel for Novo Point, LLC or Quantec, LLC.

Further, it is ORDERED, ADJUDGED, and DECREED that Christopher Payne, the Law Offices of Christopher Payne, Dennis Olson, and Olson Nicoud & Gueck, LLP may not again appear before this Court in the above-entitled matter on behalf of Novo Point, LLC or Quantec, LLC without the Court first granting a motion requesting the authority to do so, and the Court will only entertain such a motion if it is supported by compelling evidence in the form of, among other things, live testimony of a representative of Southpac Trust Limited.

Further, the Court FINDS that Novo Point, LLC and Quantec, LLC are under the sole control of the duly-appointed Receiver over such entities, Peter S. Vogel, pursuant to the *Order Appointing Receiver*, dated November 24, 2010, and the *Order Granting the Receiver's Motion to Clarify the Receiver Order with Respect to Novo Point, LLC and Quantec, LLC*, dated December 17, 2010, in *Netsphere, Inc. et al. v. Baron et al.*, Civil Action No. 3:09-cv-0988-F, in the United States District Court for the Northern District of Texas.

Further, the Court FINDS that Damon Nelson is the duly-appointed Manager of Novo Point, LLC and Quantec, LLC, pursuant to the *Order Granting the Receiver's Motion to Appoint Damon Nelson as Permanent Manager of the LLCs and for Turnover of LLC Materials to*

*Damon Nelson*, dated April 22, 2011, in *Netsphere, Inc. et al. v. Baron et al.*, Civil Action No.

3:09-cv-0988-F, in the United States District Court for the Northern District of Texas.

Further, the Court FINDS that Joshua Cox is a duly-appointed attorney for Novo Point,

LLC and Quantec, LLC, as found by the Court in *Netsphere, Inc. et al. v. Baron et al.*, Civil

Action No. 3:09-cv-0988-F, in the United States District Court for the Northern District of

Texas.

<center># # # End of Order # # #</center>

Submitted and prepared by:

*/s/ Deirdre B. Ruckman*
Deirdre B. Ruckman (TX 21196500)
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile: (214) 999-4667
druckman@gardere.com

**COUNSEL FOR PETER S. VOGEL**
**RECEIVER FOR NOVO POINT, LLC**
**AND QUANTEC, LLC**

# Exhibit C

Christopher A. Payne
State Bar No. 15651500
Law Office of
Christopher A. Payne, PLLC
5055 Addison Circle, Unit 428
Addison, TX 75001
Telephone: (214) 484-6598
Facsimile:  (214) 484-6598
cpayne@cappc.com

Attorney for Appellant
Novo Point, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-34784-SGJ |
| ONDOVA LIMITED COMPANY, | § | (Chapter 11) |
| | § | |
| | § | |
| Debtor | § | |

## NOTICE OF APPEAL OF ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE

Novo Point, LLC, one of the listed creditors in the case, appeals to the United States

District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. § 158 from

the Order Granting Trustee's Motion For Authority To Sell Property of the Estate (Document

No. 607) entered on the 4th Day of August, 2011.

The names of all parties to the order, or decree appealed from and the names, addresses,

and telephone numbers of their respective attorneys are as follows:

**Daniel J. Sherman**      representing      **Daniel J. Sherman** *(Trustee)(Appellee)*
Sherman & Yaquinto
509 N. Montclair Ave.
Dallas, TX 75208-5498
(214) 942-5502
djsherman@syllp.com

**Jay Ong**                    representing    **Daniel J. Sherman Trustee Munsch Hardt Kopf & Lee**
**Jacob Pannier**                             **Harr, P.C.**
Munsch, Hardt, Kopf
& Harr, P.C.
3800 Lincoln Plaza
500 N Akard St
Dallas, Tx 75201
(214) 855-7500

**Raymond J. Urbanik**         representing    **Daniel J. Sherman; Munsch Hardt Kopf & Harr,**
Munsch, Hardt, Kopf & Harr PC                 **P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201-6659
214-855-7590
214-978-4374 (fax)
rurbanik@munsch.com

**Other Interested Parties:**

**Charla Aldous**             representing    **Aldous Law Firm**
Aldous Law Firm
2305 Cedar Springs, Suite 200
Dallas, TX 75201
214-526-5595

**Mark Edward Andrews**        representing    **Grupo Andrea, S.A. de C.V.**
Cox Smith Matthews Incorporated
1201 Elm Street, Suite 3300
Dallas, TX 75270
(214)698-7800
(214)698-7899 (fax)

**Stanley D. Broome**          representing    **Jeffrey Baron**
The Broome Law Firm, PLLC
105 Decker Court
Suite 850
Irving, TX 75062
(214)574-7500
(214)574-7501 (fax)
sbroome@broomelegal.com

Gerrit M. Pronske             representing    **Pronske & Patel, PC**
Pronske & Patel, P.C.

2200 Ross Avenue
Suite 5350
Dallas, TX 75201
214 658-6500
214-658-6509 (fax)

**Craig Alan Capua**          representing   **Iguana Consulting, LLC,  Novo Point, LLC,**
West & Associates, LLP                       **Quantec, LLC**
320 South R.L. Thornton Fwy.,
Ste. 300
Dallas, TX 75203
(214) 941-1881
(214) 941-1399 (fax)
craig.c@westllp.com

**Jeanne Crandall**          representing   **Reyna Hinds & Crandall**
Reyna, Hinds & Crandall
1201 Elm Street, Suite 3850
Dallas, TX 75270
(214) 760-8100 x103
(214) 760-8109 (fax)
jeannecrandall@sbcglobal.net

**Angela B. Degeyter**          representing   **VeriSign, Inc.**
Vinson & Elkins, LLP
2001 Ross Ave., Ste. 3700
Dallas, TX 75201-2975
(214) 220-7763
(214) 999-7763 (fax)
adegeyter@velaw.com

**James Michael Eckels**          representing   **Quantec, LLC Novo Point, LLC, The Village**
7505 John Carpenter Freeway                     **Trust**
Dallas, TX 75247
(972) 439-1882
(817) 704-4489 (fax)
jamesmeckels@gmail.com

**William Lloyd Foreman**          representing   **Owens, Clary & Aiken, LLP**
Owens, Clary & Aiken, L.L.P.
700 N. Pearl St., No. 1600
Dallas, TX 75201
(214)698-2107
214-698-2121 (fax)

wforeman@oca-law.com

Michael A. Grow            representing    Grupo Andrea, S.A. de C.V.
Arent Fox LLP
1050 Connecticut Ave, NW
Washington, DC 20036
202-857-6395


Michael S. Haynes          representing    Peter S. Vogel
Akin Gump Strauss
Hauer & Feld LLP
1700 Pacific Avenue
Suite 4100
Dallas, TX 75201
(214)969-2845
(214)969-4343 (fax)
mhaynes@akingump.com


Melissa S. Hayward         representing    Manila Industries, Inc. ; Netsphere, Inc.;
Franklin Skierski Lovall                   Franklin Skierski Lovall Hayward LLP
Hayward LLP
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
972-755-7104
972-755-7114 (fax)
MHayward@FSLHlaw.com


Edwin Paul Keiffer         representing    Ondova Limited Company; Wright Ginsberg
Wright Ginsberg Brusilow P.C.             Brusilow, P.C.
Republic Center, Suite 4150
325 North St. Paul Street
Dallas, TX 75201
(214) 651-6517
(214) 744-2615 (fax)
pkeiffer@wgblawfirm.com


Bradley Clay Knapp         representing    Locke Lord Bissell & Liddell LLP
Locke Lord Bissell & Liddell
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
(214)740-8586
(214)756-8586 (fax)
bknapp@lockelord.com

**Ryan Kenneth Lurich**    representing    **Friedman & Feiger, L.L.P.**
Friedman & Feiger, L.L.P.
5301 Spring Valley Rd. Ste 200
Dallas, TX 75254
(972) 788-1400
(972) 788-2667 (fax)
rlurich@fflawoffice.com

**Gary G. Lyon**    representing    **Gary G. Lyon**
Gary G. Lyon, Attorney at Law
P.O. Box 1227
Anna, TX 75409-1227
972-977-7221
214-831-0411 (fax)
glyon.attorney@gmail.com

**Dennis Oliver Olson**    representing    **Novo Point, LLC**
Olson, Nicoud & Gueck, LLP
1201 Main Street, Suite 2470
Dallas, TX 75202
(214) 979-7300
(214) 979-7301 (fax)
denniso@dallas-law.com

**Franklin H. Perry**    representing    **Payne and Blanchard, LLP; HCB, LLC;**
Payne and Blanchard, LLP                **Marshden, LLC; Realty Investment**
Plaza of the Americas                   **Management, LLC; Denis Kleinfeld**
700 N. Pearl St.
Ste 500, North Tower
Dallas, TX 75201-7424

**Patrick W. Powers**    representing    **Powers Taylor LLP**
Cash Powers Taylor, LLP
Powers Taylor LLP
8150 N. Central Expressway, Suite 1575
Dallas, TX 75206
(214) 239-8900
(214) 239-8901 (fax)
patrick@cptlawfirm.com

**Jeffrey H. Rasansky**    representing    **Rasansky Law Firm**
Rasansky Law Firm
2525 McKinnon, Suite 725

Dallas, TX 75201
214-651-6100
rwolf@jrlawfirm.com

**David D. Ritter**     representing     **Grupo Andrea, S.A. de C.V.**
Kane, Russell, Coleman & Logan
3700 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201-7207
(214)777-4200
(214)777-0049 (fax)
dritter@krcl.com

**Alec P. Rosenberg**     representing     **Grupo Andrea, S.A. de C.V.**
Arent Fox LLP
1050 Connecticut Ave N.W.
Washington, DC 20036
202-857-6395

**Deirdre B. Ruckman**     representing     **Peter S. Vogel**
Gardere, Wynne & Sewell
1601 Elm St., Suite 3000
Dallas, TX 75201
(214) 999-4250
(214) 999-3250 (fax)
druckman@gardere.com

**Eric Lopez Schnabel**     representing     **VeriSign, Inc.**
Dorsey & Witney (Delaware) LLP
300 Delaware Ave., Ste 1010
Wilmington, DE 19801
302-425-7171
302-425-7175 (fax)

**Doug D. Skierski**     representing     **Manila Industries, Inc.; Netsphere, Inc.;**
Franklin Skierski Lovall Hayward LLP
10501 N. Central Expwy, Suite 106
Dallas, TX 75231
(972) 755-7100
(972) 755-7110 (fax)
dskierski@fslhlaw.com

| | | |
|---|---|---|
| Eric J. Taube | representing | Asia Trust Limited, as Trustee of The, Village |
| Mark C. Taylor | | Trust; Iguana Consulting, LLC; Novo Point, |
| Hohmann, Taube & | | LLC; Quantec, LLC;Hohmann, Taube & |
| Summers, L.L.P | | Summers, L.L.P. |

Hohmann, Taube &
Summers, L.L.P
100 Congress Ave., 18th Floor
Austin, TX 78701
512-472-5997
512-472-5248 (fax)
erict@hts-law.com,markt@hts-law.com,sherris@hts-law.com,annmariej@hts-law.com

**Martin Keith Thomas**      representing   **Jeffrey Baron**
Thomas & Sobol
P.O. Box 36528
Dallas, TX 75235
214-951-9466
214-951-9007 (fax)
thomas12@swbell.net

Dated: August 18, 2011

Signed:    /s/Christopher A. Payne
           Law Office of Christopher A. Payne, PLLC
           5055 Addison Circle, Unit 428
           Addison, TX 75001
           Phone: 214-484-6598
           Fax: 214-484-6598

Attorney for Appellant Novo Point, LLC

### Certificate of Service

On August 18, 2011, I electronically submitted the foregoing document with the clerk of court
for the U.S. District Court, Northern District of Texas, using the electronic case filing system of
the court. I hereby certify that I have served all counsel and/or *pro se* parties of record
electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

                    /s/Christopher A. Payne

# Exhibit D

Christopher A. Payne
State Bar No. 15651500
Law Office of
Christopher A. Payne, PLLC
5055 Addison Circle, Unit 428
Addison, TX 75001
Telephone: (214) 484-6598
Facsimile:  (214) 484-6598
cpayne@cappc.com

Attorney for Appellant
Novo Point, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-34784-SGJ |
| ONDOVA LIMITED COMPANY, | § | (Chapter 11) |
| | § | |
| | § | |
| Debtor | § | |

## NOTICE OF APPEAL OF ORDER GRANTING TRUSTEE'S MOTION TO STRIKE NOVO POINT'S OBJECTION TO TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE

Novo Point, LLC, one of the listed creditors in the case, appeals to the United States

District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. § 158 from

the Order Granting Trustee's Motion Strike Novo Point's Objection to Trustee's Motion to Sell

Property of the Estate (Document No. 609) entered on the 9th Day of August, 2011.

The names of all parties to the order, or decree appealed from and the names, addresses,

and telephone numbers of their respective attorneys are as follows:

**Daniel J. Sherman**          representing     **Daniel J. Sherman** (Trustee)(Appellee)
Sherman & Yaquinto
509 N. Montclair Ave.
Dallas, TX 75208-5498
(214) 942-5502

djsherman@syllp.com

| | | |
|---|---|---|
| **Jay Ong**<br>**Jacob Pannier**<br>Munsch, Hardt, Kopf<br>& Harr, P.C.<br>3800 Lincoln Plaza<br>500 N Akard St<br>Dallas, Tx 75201<br>(214) 855-7500 | representing | **Daniel J. Sherman Trustee Munsch Hardt Kopf & Lee<br>Harr, P.C.** |
| **Raymond J. Urbanik**<br>Munsch, Hardt, Kopf & Harr PC<br>500 N. Akard St., Ste. 3800<br>Dallas, TX 75201-6659<br>214-855-7590<br>214-978-4374 (fax)<br>rurbanik@munsch.com | representing | **Daniel J. Sherman; Munsch Hardt Kopf & Harr,<br>P.C.** |

**Other Interested Parties:**

| | | |
|---|---|---|
| **Charla Aldous**<br>Aldous Law Firm<br>2305 Cedar Springs, Suite 200<br>Dallas, TX 75201<br>214-526-5595 | representing | **Aldous Law Firm** |
| **Mark Edward Andrews**<br>Cox Smith Matthews Incorporated<br>1201 Elm Street, Suite 3300<br>Dallas, TX 75270<br>(214)698-7800<br>(214)698-7899 (fax) | representing | **Grupo Andrea, S.A. de C.V.** |
| **Stanley D. Broome**<br>The Broome Law Firm, PLLC<br>105 Decker Court<br>Suite 850<br>Irving, TX 75062<br>(214)574-7500<br>(214)574-7501 (fax)<br>sbroome@broomelegal.com | representing | **Jeffrey Baron** |

Gerrit M. Pronske                representing    **Pronske & Patel, PC**
Pronske & Patel, P.C.
2200 Ross Avenue
Suite 5350
Dallas, TX 75201
214 658-6500
214-658-6509 (fax)

**Craig Alan Capua**              representing    **Iguana Consulting, LLC,  Novo Point, LLC,**
West & Associates, LLP                            **Quantec, LLC**
320 South R.L. Thornton Fwy.,
Ste. 300
Dallas, TX 75203
(214) 941-1881
(214) 941-1399 (fax)
craig.c@westllp.com

**Jeanne Crandall**               representing    **Reyna Hinds & Crandall**
Reyna, Hinds & Crandall
1201 Elm Street, Suite 3850
Dallas, TX 75270
(214) 760-8100 x103
(214) 760-8109 (fax)
jeannecrandall@sbcglobal.net

**Angela B. Degeyter**            representing    **VeriSign, Inc.**
Vinson & Elkins, LLP
2001 Ross Ave., Ste. 3700
Dallas, TX 75201-2975
(214) 220-7763
(214) 999-7763 (fax)
adegeyter@velaw.com

**James Michael Eckels**          representing    **Quantec, LLC Novo Point, LLC, The Village**
7505 John Carpenter Freeway                       **Trust**
Dallas, TX 75247
(972) 439-1882
(817) 704-4489 (fax)
jamesmeckels@gmail.com

**William Lloyd Foreman**         representing    **Owens, Clary & Aiken, LLP**
Owens, Clary & Aiken, L.L.P.
700 N. Pearl St., No. 1600
Dallas, TX 75201

(214)698-2107
214-698-2121 (fax)
wforeman@oca-law.com

**Michael A. Grow**          representing   **Grupo Andrea, S.A. de C.V.**
Arent Fox LLP
1050 Connecticut Ave, NW
Washington, DC 20036
202-857-6395


**Michael S. Haynes**        representing   **Peter S. Vogel**
Akin Gump Strauss
Hauer & Feld LLP
1700 Pacific Avenue
Suite 4100
Dallas, TX 75201
(214)969-2845
(214)969-4343 (fax)
mhaynes@akingump.com


**Melissa S. Hayward**       representing   **Manila Industries, Inc. ; Netsphere, Inc.;**
Franklin Skierski Lovall                    **Franklin Skierski Lovall Hayward LLP**
Hayward LLP
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
972-755-7104
972-755-7114 (fax)
MHayward@FSLHlaw.com


**Edwin Paul Keiffer**       representing   **Ondova Limited Company; Wright Ginsberg**
Wright Ginsberg Brusilow P.C.              **Brusilow, P.C.**
Republic Center, Suite 4150
325 North St. Paul Street
Dallas, TX 75201
(214) 651-6517
(214) 744-2615 (fax)
pkeiffer@wgblawfirm.com


**Bradley Clay Knapp**       representing   **Locke Lord Bissell & Liddell LLP**
Locke Lord Bissell & Liddell
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
(214)740-8586
(214)756-8586 (fax)

bknapp@lockelord.com

**Ryan Kenneth Lurich**          representing     **Friedman & Feiger, L.L.P.**
Friedman & Feiger, L.L.P.
5301 Spring Valley Rd. Ste 200
Dallas, TX 75254
(972) 788-1400
(972) 788-2667 (fax)
rlurich@fflawoffice.com

**Gary G. Lyon**               representing     **Gary G. Lyon**
Gary G. Lyon, Attorney at Law
P.O. Box 1227
Anna, TX 75409-1227
972-977-7221
214-831-0411 (fax)
glyon.attorney@gmail.com

**Dennis Oliver Olson**          representing     **Novo Point, LLC**
Olson, Nicoud & Gueck, LLP
1201 Main Street, Suite 2470
Dallas, TX 75202
(214) 979-7300
(214) 979-7301 (fax)
denniso@dallas-law.com

**Franklin H. Perry**           representing     **Payne and Blanchard, LLP; HCB, LLC;**
Payne and Blanchard, LLP                         **Marshden, LLC; Realty Investment**
Plaza of the Americas                            **Management, LLC; Denis Kleinfeld**
700 N. Pearl St.
Ste 500, North Tower
Dallas, TX 75201-7424

**Patrick W. Powers**           representing     **Powers Taylor LLP**
Cash Powers Taylor, LLP
Powers Taylor LLP
8150 N. Central Expressway, Suite 1575
Dallas, TX 75206
(214) 239-8900
(214) 239-8901 (fax)
patrick@cptlawfirm.com

**Jeffrey H. Rasansky**          representing     **Rasansky Law Firm**

Rasansky Law Firm
2525 McKinnon, Suite 725
Dallas, TX 75201
214-651-6100
rwolf@jrlawfirm.com

**David D. Ritter**          representing   **Grupo Andrea, S.A. de C.V.**
Kane, Russell, Coleman & Logan
3700 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201-7207
(214)777-4200
(214)777-0049 (fax)
dritter@krcl.com

**Alec P. Rosenberg**        representing   **Grupo Andrea, S.A. de C.V.**
Arent Fox LLP
1050 Connecticut Ave N.W.
Washington, DC 20036
202-857-6395

**Deirdre B. Ruckman**       representing   **Peter S. Vogel**
Gardere, Wynne & Sewell
1601 Elm St., Suite 3000
Dallas, TX 75201
(214) 999-4250
(214) 999-3250 (fax)
druckman@gardere.com

**Eric Lopez Schnabel**      representing   **VeriSign, Inc.**
Dorsey & Witney (Delaware) LLP
300 Delaware Ave., Ste 1010
Wilmington, DE 19801
302-425-7171
302-425-7175 (fax)

**Doug D. Skierski**         representing   **Manila Industries, Inc.; Netsphere, Inc.;**
Franklin Skierski Lovall Hayward LLP
10501 N. Central Expwy, Suite 106
Dallas, TX 75231
(972) 755-7100

(972) 755-7110 (fax)
dskierski@fslhlaw.com

**Eric J. Taube**          representing   **Asia Trust Limited, as Trustee of The, Village**
**Mark C. Taylor**                        **Trust; Iguana Consulting, LLC; Novo Point,**
Hohmann. Taube &                          **LLC; Quantec, LLC; Hohmann, Taube &**
Summers, L.L.P                            **Summers, L.L.P.**
100 Congress Ave., 18th Floor
Austin, TX 78701
512-472-5997
512-472-5248 (fax)
erict@hts-law.com, markt@hts-law.com, sherris@hts-law.com, annmariej@hts-law.com

**Martin Keith Thomas**    representing   **Jeffrey Baron**
Thomas & Sobol
P.O. Box 36528
Dallas, TX 75235
214-951-9466
214-951-9007 (fax)
thomas12@swbell.net

Dated: August 18, 2011

Signed:   /s/Christopher A. Payne
          Law Office of Christopher A. Payne, PLLC
          5055 Addison Circle, Unit 428
          Addison, TX 75001
          Phone: 214-484-6598
          Fax: 214-484-6598

Attorney for Appellant Novo Point, LLC

### Certificate of Service

On August 18, 2011, I electronically submitted the foregoing document with the clerk of court
for the U.S. District Court, Northern District of Texas, using the electronic case filing system of
the court. I hereby certify that I have served all counsel and/or *pro se* parties of record
electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

/s/Christopher A. Payne

# Exhibit E

Christopher A. Payne
State Bar No. 15651500
Law Office of
Christopher A. Payne, PLLC
5055 Addison Circle, Unit 428
Addison, TX 75001
Telephone:  (214) 484-6598
Facsimile:  (214) 484-6598
cpayne@cappc.com

Attorney for Appellant
Novo Point, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-34784-SGJ |
| ONDOVA LIMITED COMPANY, | § | (Chapter 11) |
| | § | |
| | § | |
| Debtor | § | |

### MOTION OF NOVO POINT, LLC FOR STAY PENDING APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES NOVO POINT, LLC, ("Novo Point") Appellant, and files this Motion for

Stay Pending Appeal and would show this Court as follows:

1.      On August 4, 2011 this Court entered its ORDER GRANTING TRUSTEE'S

MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE [Document No. 607]

(the "Order") which granted the Trustee authority to sell the domain name "mondial.com" in

order to obtain funds for the Estate.

2.      Novo Point seeks a stay pending appeal before this court pursuant to Bankruptcy

MOTION FOR STAY PENDING APPEAL                          Page - 1

Rule 8005. The criteria for a stay pursuant to Rule 8005 are well established. The Movant must show: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay and (4) service to the public interest from granting the stay. *Hunt v. Bankers Trust Co., 799 F. 2d 1060, 1067 (5th Cir. 1986).* With regard to the likelihood of success prong, a movant should only have to present a substantial case on the merits. *S.C. of Okaloosa, Inc., 2006 U.S. Dist. LEXIS 57187 (W.D. La. 2006).*

3.      As this Motion is filed, Novo Point has not yet filed its statement of issues on appeal. Without limiting the issues to be presented on appeal, there are substantial legal questions presented. First, whether the court improperly held a hearing on the Trustee's and the Receiver's Motions to Show Authority without affording proper notice of the hearing to Novo Point and over Novo Point's objection.

4.      Secondly, after conducting the hearing without having afforded Novo Point the proper notice of hearing, this Court struck Novo Point's Objection to the Trustee's Motion for Authority to Sell Property of the Estate (Documents 606 and 609) thereby eliminating all evidence of the fact that the Estate does not own the property which is the subject of the Trustee's Motion.

5.      Thirdly, the Court has authorized the sale of an asset which does not belong to the Estate.

6.      **Likelihood of Success.** Novo Point attached documentation to its Objection to Trustee's Motion for Authority To Sell Property of the Estate demonstrating its claim of ownership preceding the Petition date by several years. Neither the Trustee nor any other party

presented the Court with any evidence addressing, let alone refuting, Novo Point's superior claim

of title by virtue of the conveyance. Interestingly, the Trustee and the Receiver each

acknowledged that of the eight names the Trustee originally sought to sell, seven were actually

the property of the Receiver, not the Estate. Novo Point's claim of right to four of the other seven

names is the same conveyance through which Novo Point claims ownership of the domain name

"mondial.com". No party addressed these claims at the hearing. No party presented evidence

establishing a conveyance subsequent to the conveyance into Novo Point's predecessor in

interest. Novo Point established that it has the superior claim.

       7.    **Irreparable injury to Novo Point.**  As demonstrated in the attachments to Novo

Point's objections Novo Point has been the owner of the domain name "mondial.com" since

December of 2005 by virtue of Ondova's conveyance of all of its right, title and/or interest in any

and all domain names it purported to own to Macadamia Management, the predecessor in interest

to Novo Point. "Mondial.com" is an extremely valuable domain name due to the meaning of

"mondial" throughout Europe, where it is a term essentially equivalent to the American "Super

Bowl". Moreover, Novo Point believes that its value will increase in the coming months as the

2012 World Cup approaches. Should the Trustee sell the domain name and it is later determined,

as Novo Point alleges, that Novo Point is in fact the true owner of the domain name, Novo Point

will have no remedy for its loss. Novo Point can only be made whole through the rightful return

of its rights to the domain name.

       8.    **No substantial harm to interested parties.**  For the same reasons as stated

above, the attorneys and the Estate have little risk of actual loss. If the domain name is proven to

be owned by Novo Point, the Estate will have suffered no loss as it did not have any ownership

rights to start with. If, in the unlikely event it is determined that the domain name is actually

owned by the Trustee, no harm will have occurred to the estate because the value of the domain

name will not diminish or decrease, but should remain constant or even increase in the coming

weeks and months.

9.    **No harm to the public interest.**  This is a narrow dispute among the parties to

this action.  There is no public interest to this court's decision whether to grant or deny the

requested stay.

WHEREFORE, PREMISES CONSIDERED, Novo Point prays that this Court grant its

Motion for Stay Pending Appeal and for such other and further relief to which it may show

himself justly entitled.

<div style="margin-left:40%">

Respectfully submitted,

/s/Christopher A. Payne
Law Office of Christopher A. Payne, PLLC
5055 Addison Circle, Unit 428
Addison, TX 75001
Phone: 214-484-6598
Fax: 214-484-6598

Attorney for Appellant Novo Point, LLC

</div>

### Certificate of Service

On August 18, 2011, I electronically submitted the foregoing document with the clerk of court for
the U.S. District Court, Northern District of Texas, using the electronic case filing system of the
court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically
or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

/s/Christopher A. Payne

MOTION OF NOVO POINT FOR STAY PENDING APPEAL                    Page - 4

# Exhibit F

Christopher A. Payne
State Bar No. 15651500
Law Office of
Christopher A. Payne, PLLC
5055 Addison Circle, Unit 428
Addison, TX 75001
Telephone: (214) 484-6598
Facsimile: (214) 484-6598
cpayne@cappc.com

Attorney for Appellant
Novo Point, LLC

<div style="text-align:center">

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

</div>

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-34784-SGJ |
| ONDOVA LIMITED COMPANY, | § | (Chapter 11) |
| | § | |
| | § | |
| Debtor | § | |

<div style="text-align:center">

**AMENDED NOTICE OF APPEAL OF ORDER GRANTING THE RECEIVER'S
MOTION FOR SHOW OF AUTHORITY AND FINDINGS OF FACT**

</div>

Novo Point, LLC, one of the listed creditors in the case, files this Amended Notice of

Appeals of Order Granting the Receiver's Motion for Show of Authority and Findings of Fact

and appeals to the United States District Court for the Northern District of Texas, Dallas

Division, under 28 U.S.C. § 158 from the Order Granting the Receiver's Motion For Show of

Authority and Findings of Fact (Document No. 605) entered on the 2nd Day of August, 2011.

The names of all parties to the order, or decree appealed from and the names, addresses,

and telephone numbers of their respective attorneys are as follows:

**Michael S. Haynes**        representing   **Peter S. Vogel** *(Receiver)(Appellee)*
Akin Gump Strauss
Hauer& Feld LLP
1700 Pacific Avenue

Suite 4100
Dallas, TX 75201
(214)969-2845
(214)969-4343 (fax)
mhaynes@akingump.com

**Peter S. Vogel**              representing    **Peter S. Vogel** *(Receiver) (Appellee)*
**Deirdre B. Ruckman**
Gardere, Wynne & Sewell
1601 Elm St., Suite 3000
Dallas, TX 75201
(214) 999-4250
(214) 999-3250 (fax)
druckman@gardere.com

**Other Interested Parties:**

**Charla Aldous**                  representing    **Aldous Law Firm**
Aldous Law Firm
2305 Cedar Springs, Suite 200
Dallas, TX 75201
214-526-5595

**Mark Edward Andrews**      representing    **Grupo Andrea, S.A. de C.V.**
Cox Smith Matthews Incorporated
1201 Elm Street, Suite 3300
Dallas, TX 75270
(214)698-7800
(214)698-7899 (fax)

**Stanley D. Broome**        representing    **Jeffrey Baron**
The Broome Law Firm, PLLC
105 Decker Court
Suite 850
Irving, TX 75062
(214)574-7500
(214)574-7501 (fax)
sbroome@broomelegal.com

Gerrit M. Pronske            representing    **Pronske & Patel, PC**
Pronske & Patel, P.C.
2200 Ross Avenue
Suite 5350

Dallas, TX 75201
214 658-6500
214 658-6509 (fax)

**Craig Alan Capua**  representing  **Iguana Consulting, LLC,  Novo Point, LLC,**
West & Associates, LLP  **Quantec, LLC**
320 South R.L. Thornton Fwy.,
Ste. 300
Dallas, TX 75203
(214) 941-1881
(214) 941-1399 (fax)
craig.c@westllp.com

**Jeanne Crandall**  representing  **Reyna Hinds & Crandall**
Reyna, Hinds & Crandall
1201 Elm Street, Suite 3850
Dallas, TX 75270
(214) 760-8100 x103
(214) 760-8109 (fax)
jeannecrandall@sbcglobal.net

**Angela B. Degeyter**  representing  **VeriSign, Inc.**
Vinson & Elkins, LLP
2001 Ross Ave., Ste. 3700
Dallas, TX 75201-2975
(214) 220-7763
(214) 999-7763 (fax)
adegeyter@velaw.com

**James Michael Eckels**  representing  **Quantec, LLC Novo Point, LLC, The Village**
7505 John Carpenter Freeway  **Trust**
Dallas, TX 75247
(972) 439-1882
(817) 704-4489 (fax)
jamesmeckels@gmail.com

**William Lloyd Foreman**  representing  **Owens, Clary & Aiken, LLP**
Owens, Clary & Aiken, L.L.P.
700 N. Pearl St., No. 1600
Dallas, TX 75201
(214)698-2107
214-698-2121 (fax)
wforeman@oca-law.com
*Assigned: 08/24/2009*

**Michael A. Grow**          representing   **Grupo Andrea, S.A. de C.V.**
Arent Fox LLP
1050 Connecticut Ave, NW
Washington, DC 20036
202-857-6395


**Melissa S. Hayward**       representing   **Manila Industries, Inc. ;Netsphere, Inc.;Franklin
SkierskiLovall                            Franklin SkierskiLovall Hayward LLP**
Hayward LLP
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
972-755-7104
972-755-7114 (fax)
MHayward@FSLHlaw.com

**Edwin Paul Keiffer**       representing   **Ondova Limited Company; Wright Ginsberg
Wright Ginsberg Brusilow P.C.             Brusilow,P.C.**
Republic Center, Suite 4150
325 North St. Paul Street
Dallas, TX 75201
(214) 651-6517
(214) 744-2615 (fax)
pkeiffer@wgblawfirm.com

**Bradley Clay Knapp** representing   **Locke Lord Bissell & Liddell LLP**
Locke Lord Bissell & Liddell
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
(214)740-8586
(214)756-8586 (fax)
bknapp@lockelord.com


**Ryan Kenneth Lurich**       representing   **Friedman &Feiger, L.L.P.**
Friedman &Feiger, L.L.P.
5301 Spring Valley Rd. Ste 200
Dallas, TX 75254
(972) 788-1400
(972) 788-2667 (fax)
rlurich@fflawoffice.com

**Gary G. Lyon**             representing   **Gary G. Lyon**

Gary G. Lyon, Attorney at Law
P.O. Box 1227
Anna, TX 75409-1227
972-977-7221
214-831-0411 (fax)
glyon.attorney@gmail.com

**Jay Ong**                          representing   **Daniel J. Sherman Trustee MunschHardt Kopf &Harr,**
**P.C.**
**Lee Jacob Pannier**
**Munsch, Hardt, Kopf**
**&Harr, P.C.**
3800 Lincoln Plaza
500 N Akard St
Dallas, Tx 75201
(214) 855-7500

**Dennis Oliver Olson**              representing   **Novo Point, LLC**
Olson, Nicoud&Gueck, LLP
1201 Main Street, Suite 2470
Dallas, TX 75202
(214) 979-7300
(214) 979-7301 (fax)
denniso@dallas-law.com

**Franklin H. Perry**               representing   **Payne and Blanchard, LLP; HCB, LLC;**
Payne and Blanchard, LLP                          **Marshden, LLC; Realty Investment**
Plaza of the Americas                       **Management, LLC; Denis Kleinfeld**
700 N. Pearl St.
Ste 500, North Tower
Dallas, TX 75201-7424

**Patrick W. Powers**               representing   **Powers Taylor LLP**
Cash Powers Taylor, LLP
Powers Taylor LLP
8150 N. Central Expressway, Suite 1575
Dallas, TX 75206
(214) 239-8900
(214) 239-8901 (fax)
patrick@cptlawfirm.com

**Jeffrey H. Rasansky**             representing   **Rasansky Law Firm**

Rasansky Law Firm
2525 McKinnon, Suite 725
Dallas, TX 75201
214-651-6100
rwolf@jrlawfirm.com

**David D. Ritter**             representing     **Grupo Andrea, S.A. de C.V.**
Kane, Russell, Coleman & Logan
3700 Thanksgiving Tower
1601 Elm St.
Dallas, TX 75201-7207
(214)777-4200
(214)777-0049 (fax)
dritter@krcl.com

**Alec P. Rosenberg**           representing     **Grupo Andrea, S.A. de C.V.**
Arent Fox LLP
1050 Connecticut Ave N.W.
Washington, DC 20036
202-857-6395

**Eric Lopez Schnabel** representing       **VeriSign, Inc.**
Dorsey &Witney (Delaware) LLP
300 Delaware Ave., Ste 1010
Wilmington, DE 19801
302-425-7171
302-425-7175 (fax)

**Daniel J. Sherman**           representing     **Daniel J. Sherman** *(Trustee)*
Sherman &Yaquinto
509 N. Montclair Ave.
Dallas, TX 75208-5498
(214) 942-5502
djsherman@syllp.com

**Doug D. Skierski**            representing     **Manila Industries, Inc.; Netsphere, Inc.;**
Franklin SkierskiLovall Hayward LLP
10501 N. Central Expwy, Suite 106
Dallas, TX 75231
(972) 755-7100
(972) 755-7110 (fax)

dskierski@fslhlaw.com

**Eric J. Taube**          representing   **Asia Trust Limited, as Trustee of The, VillageMark C.
Taylor                             Trust; Iguana Consulting, LLC; Novo Point,** Hohmann.Taube&
                          **LLC; Quantec,LLC;Hohmann, Taube &Summers, L.L.P**
              **Summers,L.L.P.**
100 Congress Ave., 18th Floor
Austin, TX 78701
512-472-5997
512-472-5248 (fax)
erict@hts-law.com,markt@hts-law.com,sherris@hts-law.com,annmariej@hts-law.com

**Martin Keith Thomas**      representing   **Jeffrey Baron**
Thomas &Sobol
P.O. Box 36528
Dallas, TX 75235
214-951-9466
214-951-9007 (fax)
thomas12@swbell.net

**Raymond J. Urbanik**      representing   **Daniel J. Sherman; MunschHardt Kopf &Harr,
Munsch, Hardt, Kopf &Harr PC                P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201-6659
214-855-7590
214-978-4374 (fax)
rurbanik@munsch.com

Dated: August 18,2011

Signed:/s/Christopher A. Payne
          Law Office of Christopher A. Payne, PLLC
          5055 Addison Circle, Unit 428
          Addison, TX 75001
          Phone: 214-484-6598
          Fax: 214-484-6598

Attorney for Appellant Novo Point, LLC

**Certificate of Service**

On August 18, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

/s/Christopher A. Payne

# Exhibit G

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_(signature)_

United States Bankruptcy Judge

Signed September 06, 2011

---

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ONDOVA LIMITED COMPANY, | § | Case No. 09-34784-SGJ-11 |
| | § | |
| Debtor. | § | |

**ORDER:  (A) GRANTING, IN SUBSTANTIAL PART, TRUSTEE'S MOTION TO:
(I) SHOW CAUSE WHY CHRISTOPHER PAYNE AND GARY SCHEPPS SHOULD NOT
BE HELD IN CONTEMPT AND SANCTIONED; AND (II) STRIKE NOTICES
OF APPEAL AND MOTION TO STAY SALE ORDER [DE # 637]; AND
(B) SETTING SHOW CAUSE HEARING ON OCTOBER 24,2011, AT 10:30 A.M.,
AS TO ACTIONS OF LAWYERS CHRISTOPHER PAYNE AND GARY SCHEPPS**

I.   INTRODUCTION.

The court held a hearing on September 1, 2011 on the
Trustee's Motion to:  (I) Show Cause Why Christopher Payne and
Gary Schepps Should Not Be Held in Contempt and Sanctioned; and
(II) Strike Notices of Appeal and Motion to Stay Sale Order (the
"Motion") [DE # 637].  Appearing at the hearing, among others,
were:  (a) the Chapter 11 Trustee for Ondova Limited Company
("Ondova"), Daniel Sherman ("Trustee"); (b) the Trustee's

-1-

counsel; (c) counsel for the Receiver, Peter Vogel (the "Receiver"), who was appointed, in 2010, by United States District Judge Royal Furgeson in Civil Action No. 3:09-CV-0988-F, as receiver over Jeffrey Baron, the former principal of Ondova, and related entities (the "Baron Receivership Action"); (d) Joshua Cox, counsel for Novo Point, LLC, which entity is a Baron-related entity that is subject to the Baron Receivership Action (Mr. Cox's authority to act as counsel for Novo Point, LLC was previously approved and/or acknowledged in the Baron Receivership Action); (e) Christopher Payne, an attorney appearing for himself, and who has recently purported to represent Novo Point, LLC in the above-referenced bankruptcy case; and (f) Gary Schepps, an attorney appearing for himself, and who purports to be appellate counsel for Jeffrey Baron and perhaps Baron-related entities.

In the Motion, the Trustee requested that the bankruptcy court strike five pleadings (the "Five Pleadings") that were signed by Christopher Payne and, in all but one case, electronically filed by Gary Schepps. The Five Pleadings were allegedly filed by Payne/Schepps on behalf of *Novo Point, LLC*, which entity—as mentioned above—is related to Jeffrey Baron and is under the control of the Receiver, pursuant to Orders signed by District Judge Royal Furgeson on November 24, 2010, and December 17, 2010. In fact, the main purpose of Judge Furgeson's

-2-

Order dated December 17, 2010 was to specifically clarify that
the entity Novo Point, LLC was a part of the Baron Receivership
Action and any individuals allegedly representing it were to
comply with all instructions given to them by the Receiver.[1]
Such December 17, 2010 Order was agreed to by Joshua Cox and
James Eckles—who were then attorneys for Novo Point, LLC.  The
Trustee has requested that the Five Pleadings be stricken, since
Christopher Payne and Gary Schepps had no authority from the
Receiver to file them on behalf of Novo Point, LLC.  The Trustee
also asked for a Show Cause Order why Christopher Payne and Gary
Schepps should not be sanctioned and held in contempt of the
bankruptcy court, since the bankruptcy court has previously ruled
that Christopher Payne, his firm, Dennis Olson, and Dennis
Olson's firm may not appear in the bankruptcy court on behalf of
Novo Point, LLC *without first filing a motion for authority to do
so, which motion must be supported by compelling evidence,
including live testimony from a Brian Mason and Lisa Katz—i.e.,
the ones who have allegedly given instructions to Christopher
Payne to take legal positions for Novo Point, LLC.*  See DE ## 605
& 609.

II.  THE FIVE PLEADINGS.

    The Five Pleadings that the Trustee asked to have stricken

---

    [1]  The December 17, 2010 Order contained similar clarification
provisions concerning a Baron-related entity known as Quantec, LLC.

-3-

were:

1.   Notice of Appeal[2] [DE # 610], filed 8/16/11.
2.   Notice of Appeal[3] [DE # 612], filed 8/18/11.
3.   Notice of Appeal[4] [DE # 613], filed 8/18/11.
4.   Amended Notice of Appeal[5] [DE # 614], filed 8/18/11.
5.   Motion for Stay Pending Appeal[6] [DE # 615], filed 8/18/11.

---

[2]   This Notice of Appeal pertained to an Order [DE # 605]
granting the Receiver's Motion for Show of Authority, in which the
bankruptcy court ruled that Christopher Payne, his firm, Dennis Olson,
and Dennis Olson's firm had no authority to appear in the bankruptcy
court for the entities Novo Point, LLC and Quantec, LLC, and that they
may not appear before the bankruptcy court in the future for these
entities without filing first a motion for authority to do so, which
is supported by compelling evidence including live testimony from
Brian Mason and Lisa Katz (the human beings who supposedly gave
authority to Payne/Olson to take legal positions for Novo Point, LLC
and Quantec, LLC).

[3]   This Notice of Appeal pertained to an Order [DE # 607]
granting the Trustee's Motion to Sell Property of the Estate ("Sale
Motion"), in which the bankruptcy court ruled that the Trustee may
engage in efforts to sell a certain Internet domain name owned by
Ondova called "mondial.com."

[4]   This Notice of Appeal pertained to an Order [DE # 609]
granting the Trustee's Motion to Strike the objection to the Trustee's
Sale Motion, which objection had been filed purportedly on behalf of
Novo Point, LLC by attorneys Christopher Payne and Dennis Olson.

[5]   This Amended Notice of Appeal (like the Notice of Appeal found
at DE #610), pertained to the Order [DE # 605] granting the Receiver's
Motion for Show of Authority, in which the bankruptcy court ruled that
Christopher Payne, his firm, Dennis Olson, and Dennis Olson's firm had
no authority to appear in the bankruptcy court for the entities Novo
Point, LLC and Quantec, LLC and that they may not appear before the
bankruptcy court in the future for these entities without filing first
a motion for authority to do so, which is supported by compelling
evidence including live testimony from Brian Mason and Lisa Katz (the
human beings who supposedly gave authority to Payne/Olson to take
legal positions for Novo Point, LLC and Quantec, LLC).  It is unclear
what necessitated the amendment.

[6]   This Motion for Stay Pending Appeal pertained to the Order [DE #
607] granting the Trustee's Motion to Sell Property of the Estate (the
"Sale Motion"), in which the bankruptcy court ruled that the Trustee
may engage in efforts to sell a certain Internet domain name owned by
Ondova called "mondial.com."

All of the Five Pleadings were signed by Christopher Payne. Additionally, all of the Five Pleadings except DE #610 were filed electronically by attorney Gary Schepps who, as mentioned above, describes himself as appellant counsel to Jeffrey Baron and Baron's related entities (DE # 610 was hand-filed by Christopher Payne who represented that he is not an E-Filer).

### III. EXPLANATIONS AND ARGUMENTS GIVEN BY CHRISTOPHER PAYNE AND GARY SCHEPPS.

Christopher Payne represented to the bankruptcy court at the September 1, 2011 hearing that he did not believe a Notice of Appeal fell within the scope of the bankruptcy court's orders banning him from appearing in the bankruptcy court on behalf of Novo Point, LLC, since a Notice of Appeal is essentially directed to the district court. He also represented that he had no choice but to file the Motion for Stay Pending Appeal at the bankruptcy court level, due to Bankruptcy Rule 8005. Gary Schepps allegedly only became entangled in all of this because Christopher Payne does not have the ability to E-File in the bankruptcy court and Schepps agreed to help him. Additionally, Gary Schepps (somehow) does not believe that Notices of Appeal are "pleadings," nor that filing documents with the Bankruptcy Clerk is the same as filing documents with the court.

### IV. RULING.

The positions now taken by Messrs. Payne and Schepps appear weak at best. The court is more inclined to believe that

vexatious litigation tactics and gamesmanship are at play.  As
pointed out by the Trustee, Messrs. Payne and Schepps could have
filed motions for authority to file the Notices of Appeal and the
Motion for Stay Pending Appeal, and presented evidence and
testimony from Brian Mason and Lisa Katz explaining their basis
for taking legal actions on behalf of Novo Point, LLC.  Mr. Payne
and Mr. Schepps do not seem to understand basic notions of
corporate governance (at least where this Baron Receivership
Action is concerned).  Multiple entities cannot speak for or be
in control of Novo Point, LLC.  Right now, pursuant to a District
Court Order, the Receiver has governance and control over Novo
Point, LLC.  The District Court Order is on appeal.  The District
Court Order may be overturned.  But meanwhile, the Order is not
stayed and it controls.  Parties who are aggrieved by that Order
have standing to appeal it and take legal positions to protect
their interests.  Such parties might include stakeholders of Novo
Point, LLC (such as creditors or shareholders).  But Novo Point,
LLC—unless and until the District Court's Receivership Orders are
reversed—speaks through only one master.  The bankruptcy
court—despite this seemingly unrefutable fact—gave Mr. Payne the
opportunity to file a motion for authority to file pleadings on
behalf of Novo Point, LLC, if he wanted to try and convince the
bankruptcy court that there is some legal way for Novo Point, LLC
to appear and file pleadings in the bankruptcy court absent

-6-

instructions to do so from the Receiver.  But, rather than file

such a motion, Payne decided to ignore that opportunity and

attempt an appeal.  Even when the court held a hearing on the

Trustee's Motion, Messrs. Payne and Schepps showed up in the

bankruptcy court with no witnesses and no documentation that

might somehow support their authority to act for Novo Point, LLC.

WHEREFORE, the court now **ORDERS** as follows:

    1.  The court has jurisdiction over the Trustee's Motion

pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b).[7]  The court

overrules the arguments of Messrs. Payne and Schepps that the

case of *Stern v. Marshall* 131 S. Ct. 63 (2011) deprives a non-

Article III court from policing activity of lawyers and parties

before the court through mechanisms such as sanctions and

contempt.[8]

    2.  The Five Pleadings are hereby **STRICKEN**.

    3.  Even if it is somehow not appropriate to strike the

---

[7] While this court recognizes that the filing of a notice of
appeal is an event of jurisdictional significance, which event has
sometimes been stated as divesting a trial court over those aspects of
the case involved in the appeal, *e.g.*, *Blinco v. Green Tree Servicing,
LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004), *Bradford-Scott Data Corp.
Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997),
this court interprets the relevant rules and case law in this regard
to mean that once an appeal is actually docketed, such jurisdiction of
the trial court is divested.  *See, e.g.*, Fed. R. Civ. P. 60(a) (last
sentence).

[8] Accepting the arguments of Messrs. Payne and Schepps,
apparently an attorney could strip naked and scream obscenities in the
courtroom and there would not be a thing that a non-Article III judge
could do about it (except, perhaps, call law enforcement so that the
attorney could be arrested).

Motion for Stay Pending Appeal, it is hereby denied since the movant (even if the "movant" had authority) cannot show a likelihood or probability of success on the merits in an appeal; nor that the movant faces irreparable injury if the stay is not granted; nor that a stay would not substantially harm other parties; nor that a stay would serve the public interest.

4.   Christopher Payne and Gary Schepps shall file, within 5 days, a statement making the disclosures contemplated by Bankruptcy Rule 2019 (for every entity that Christopher Payne and Gary Schepps allege that they represent in connection with the Ondova bankruptcy matters, the Baron Receivership Action matters, and appeals—and regardless of whether they represent more than one entity).

5.   Christopher Payne and Gary Schepps shall appear before this bankruptcy court on <u>October 24, 2011, at 10:30 a.m.</u>, and SHOW CAUSE why they should not be held in contempt of court and sanctioned for filing the Five Pleadings in apparent violation of the court's Orders appearing at DE ## 605 & 609, and for otherwise purporting to appear and take legal positions for the entity Novo Point, LLC without any legal authority.[9]

---

[9]   The court acknowledges that Gary Schepps was not named in the Orders that appear at DE ## 605 & 609, but he assisted Christopher Payne in violating those Orders and would in all ways appear to have the same standing problem of Christopher Payne, in that the Receiver has not directed Mr. Schepps to take actions on behalf of Novo Point, LLC.

IT IS SO ORDERED.

###END OF ORDER###

# Exhibit H

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-34784-SGJ |
| ONDOVA LIMITED COMPANY, | § | (Chapter 11) |
| | § | |
| | § | |
| | § | |
| Debtor | § | |

**R2019 DISCLOSURES BY GARY N. SCHEPPS AND CHRISTOPHER A. PAYNE AS
REQUIRED BY THE BANKRUPTCY COURT'S ORDER DATED SEPTEMBER 6, 2011**

TO THE HONORABLE JUDGE:

NOW COME Gary N. Schepps and Christopher A. Payne, co-counsel in the appeal of
various orders from this Honorable Court, and hereinafter "the attorneys". The attorneys hereby
file their R2019 Disclosures as required by this Court's Order dated September 6, 2011, and
would show the Court as follows:

A. The attorneys' only joint representation is the above described appeal. The attorneys'
client is the Cook Islands LLC "Novo Point" by and through the manager of that
company pursuant to laws of the sovereign government of the Cook Islands. The address
of the company is ANZ House, Main Road, Avaruna, Rarotonga, Cook Islands. The
nature and amount of any claim or interest and the time of acquisition is not known to the
attorneys beyond the rights provided for in the "Global Settlement" and the property
rights of the company in domain names registered via Ondova, and/or transferred to the
company or a predecessor in interest to the company. Gary N. Schepps was separately
retained directly by the Cook Islands manager of the company to represent the company
on or about January 2011. Christopher A. Payne was retained by the company's local

operations manager to represent the company on or about June, 2011. Unrelated to any appearance or representation in the Bankruptcy Court, Gary N. Schepps has been ordered by the US District Court to represent Jeff Baron and has also been retained to represent the Cook Islands Company Quantec, LLC; and Christopher A. Payne has been retained to represent the Cook Islands Company Quantec, LLC.

B. The empowering instrument for Gary N. Schepps to act on behalf of the Cook Islands entity Novo Point, LLC., is attached, and the empowering instrument for Christopher A. Payne will be filed in a supplemental filing when the instrument is received from the Cook Islands.

Respectfully submitted,

/s/ Gary N. Schepps

Gary N. Schepps
Texas State Bar No. 00791608
5400 LBJ Freeway, Suite 1200
Dallas, Texas 75240
(214) 210-5940 - Telephone
(214) 347-4031 - Facsimile
Email: legal@schepps.net

/s/Christopher A. Payne
Law Office of Christopher A. Payne, PLLC
5055 Addison Circle, Unit 428
Addison, TX 75001
Phone: 214-484-6598
Fax: 214-484-6598

### Certificate of Service

On this date I electronically submitted the foregoing document using the electronic case filing

system of the Bankruptcy Court. I hereby certify that I have served all counsel and/or *pro se*

parties of record who receive notice through the PACER system.


/s/ Gary N. Schepps

### NOVO POINT, LLC
Manager's Resolution
13 January, 2011

1.  The Company has been served with documentation in a proceeding with reference 3: 09CV00988-F; *Netsphere Inc., et al., v. Baron, et al.;* in the US District Court for the Northern District of Texas (the "Case") in which the Company is purportedly made subject to a receivership and freezing order (the "Order").

2.  The Company is not a party to the proceeding.  It was never served any documents relating to the Case prior to receipt of the Order.  The Company is not incorporated in the United States and the basis on which jurisdiction is asserted is unknown.

3.  The Company wishes to employ counsel to challenge the validity of the Order insofar as it names the Company.

4.  The Company has consulted with and requested Gary N. Schepps, Esq., Attorney & Counselor (the "Attorney") of Dallas in the State of Texas in the United States of America to represent the Company in the Case.

5.  The Attorney has agreed to represent the Company on the terms and conditions set out in a certain letter of engagement ("Engagement Letter") sighted by the Manager prior to passing this resolution.

**Resolved**

To engage the Attorney to represent the Company in the Case by signing the Engagement Letter and forwarding the same to the Attorney.

Corporate Director Management Services, LLC,
Manager by its authorised signatory Narida Crocombe