IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NETSPHERE, INC., <br> MANILA INDUSTRIES., INC., AND <br> MUNISH KRISHAN, <br><br> PLAINTIFFS <br><br> V. <br><br> JEFFREY BARON AND <br> ONDOVA LIMITED COMPANY, <br><br> DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:09-CV-0988-F |

## THE RECEIVER'S SUPPLEMENT TO SECOND MOTION TO ENFORCE STAY

The Receiver wishes to direct the Court's attention to two new authorities released since the filing of the underlying motion (collectively, the "Authorities"). The Authorities are decisions from two separate WIPO panels (both under ICANN's control) dismissing UDRP proceedings regarding the ownership of domain names under the control of the Receiver (the "UDRP Actions"). (Exhibits A and B.) The Authorities both state that the original stay established in the Receivership Order (the "Original Stay") necessitates termination of the UDRP Actions.

The Authorities are further support for the notion that the Original Stay should have resulted in a stay of all UDRP proceedings against Receiver-controlled domain names since entry of the Receivership Order.[1] Thus, the Authorities demonstrate that the Default Decisions are void *ab initio* and should be ruled as such by an order of this Court.

---

[1] With respect to the Default Decisions, although they all issued after the Original Stay, they notably issued *prior* to when this Court threatened ICAAN with contempt and sanctions. [Docket Nos. 726, 731, and 738.]

Respectfully submitted,

*/s/ Barry M. Golden*
Barry M. Golden
Texas State Bar No. 24002149
Peter L. Loh
Texas Bar Card No. 24036982
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
(214) 999-4667 (facsimile)
(214) 999-3000 (telephone)
bgolden@gardere.com
ploh@gardere.com

**ATTORNEYS FOR THE RECEIVER, PETER S. VOGEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF system on all counsel of record on December 23, 2011.

*/s/ Peter L. Loh*
Peter L. Loh

# EXHIBIT A



ARBITRATION
AND
MEDIATION CENTER

WIPO
WORLD
INTELLECTUAL PROPERTY
ORGANIZATION

# ADMINISTRATIVE PANEL ORDER

Tibaco Beheer B.V. v. Quantec, LLC/Novo Point, LLC / Whois Privacy Services Pty Ltd - customer ID 41323079999371
Case No. D2011-2021

### 1. The Parties

The Complainant is Tibaco Beheer B.V. of Eindhoven, Netherlands, represented by CMS Derks Star Busmann, Netherlands.

The Respondent is Quantec, LLC/Novo Point, LLC of Dallas, Texas, United States of America, represented by Gary N. Schepps, United States of America / Whois Privacy Services Pty Ltd - customer ID 41323079999371 of Fortitude Valley, Australia.

### 2. The Domain Name and Registrar

The disputed domain name <funnygames.com> is registered with Fabulous.com.

### 3. Discussion and Findings

The duly appointed UDRP Panel has reviewed the applicable case file for the above-referenced UDRP proceeding, including the party pleadings and the various submissions and orders pertaining to an on-going dispute concerning the disputed domain name before a number of courts in the United States of America.

In all the circumstances, the Panel finds the appropriate course, pursuant to its authority under UDRP Rule 18, to order the termination of the instant UDRP proceeding.

### 4. Order

Accordingly, the UDRP Panel hereby terminates the above-referenced UDRP proceeding before the WIPO Arbitration and Mediation Center.

**Luca Barbero**
Sole Panelist

December 22, 2011

# EXHIBIT B



ARBITRATION
AND
MEDIATION CENTER

WIPO
WORLD
INTELLECTUAL PROPERTY
ORGANIZATION

# ADMINISTRATIVE PANEL
# PROCEDURAL ORDER OF TERMINATION
Public Service Electric & Gas Company and its affiliates and subsidiaries v. Whois Privacy Services Pty Ltd / Quantec, LLC/Novo Point, LLC
Case No. D2011-1798

The Center and counsel for Complainant were advised (by e-mails from counsel to the court-appointed receiver) dated October 26, 2011, and following, that the United States Federal Bankruptcy Court for the Northern District of Texas, Dallas Division (Case No. 3:09-cv-0988), had on or about November 24, 2010, appointed a receiver to take control of the assets of Respondent in this proceeding, including any and all interest in registration of the disputed domain name, and had ordered that no action be taken by any person with respect to such assets without approval of the receiver.

By e-mail dated November 2, 2011, and telephone discussion on or about that day, Complainant's counsel advised the Center that he had discussed this matter with counsel representing the receiver. Complainant's counsel requested from the Center a suspension of this administrative proceeding for a period exceeding 90 days. Complainant's counsel believed that the receivership and suspension of action concerning the disputed domain name would extend beyond that time frame. By e-mail of November 14, 2011, counsel for Complainant requested the Center to proceed to the appointment of a panel to consider this matter.

Pursuant to Paragraph 18(a) of the Rules, the Panel has discretion to order a suspension, terminate or proceed to a decision "In the event of any legal proceedings initiated prior to or during an administrative proceeding in respect of a domain-name dispute that is the subject of the complaint ...".

Complainant appears to have concluded that any transfer of the disputed domain name, if ordered by the Panel, could not be implemented until further directed by the receiver and/or the Bankruptcy Court. Because of administrative difficulties associated with suspensions of indefinite duration, it is customary practice for panels to refrain from granting such suspensions.

The Panel exercises its discretion to terminate this administrative proceeding without prejudice to the right of Complainant to re-file a complaint regarding the disputed domain name once implementation of a panel order might be carried out.

Frederick M. Abbott
Sole PanelistPanelist

Date:
December 22, 2011