IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NETSPHERE, INC., | § | |
| MANILA INDUSTRIES., INC., AND | § | |
| MUNISH KRISHAN | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:09-CV-0988-F |
| | § | |
| JEFFREY BARON AND | § | |
| ONDOVA LIMITED COMPANY, | § | |
| | § | |
| DEFENDANTS. | § | |

## THE RECEIVER'S SUPPLEMENTAL NOTICE OF
## FILINGS IN THE FUNNYGAMES.COM DISPUTE

On December 21, 2011, the Receiver filed his *Notice of Filings in the Funnygames.com Dispute* (the "Original Notice"), providing this Court with notice of the (unnecessary) commotion caused by Messrs. Schepps and Baron in the Fifth Circuit (and the Receiver's requisite response thereto) regarding the UDRP complaint filed against the Receivership Asset, funnygames.com. [Docket No. 753.] The Receiver files this supplemental notice to update the Court on additional filings made since the date he filed the Original Notice.

On December 27, 2011, the Receiver filed a motion for leave to file a sur-reply (attached hereto as Exhibit 1) attaching a proposed sur-reply (attached hereto as Exhibit 1.A) and arguing, among other things:

> Prior to asking this Court for emergency relief concerning FUNNYGAMES.COM, Mr. Schepps never revealed that the District Court had already provided alternative relief. Mr. Schepps later attempted to justify this Machiavellian tactic by claiming that the District Court might have *tried* to address the matter, but had failed to do so effectively (and, under that warped rationalization that the ends of obtaining this Court's Order presumably justifies Mr. Schepps' illicit means of obtaining it).

Since the date when the Receiver filed his response brief, new evidence has developed, demonstrating the flaw in Mr. Schepps' threshold predicate. Specifically, on December 22, 2011, ***ICANN and WIPO terminated the FUNNYGAMES.COM proceeding***. Given ICANN's and WIPO's compliance with the District Court's stay orders, this proves that there never was an emergency in the first place (and by extension, no reason for Mr. Schepps to seek emergency relief, let alone, to do so in the unseemly manner in which he did).

Accordingly, based on this new evidence that did not exist at the time that the Receiver filed his response brief, the Receiver seeks leave to file the surreply in the form set forth in attached Exhibit A and to demonstrate the impact of this evidence on the issues being considered by this Court, including whether this Court should vacate its prior emergency Order and issue other forms of relief to the Receiver.

(Exhibit 1 at p. 4.)

On December 29, 2011, the Fifth Circuit issued an order (attached hereto as Exhibit 2) granting the motion for leave to file surreply and stating:

IT IS ORDERED that the opposed motion of Appellee Peter S. Vogel for leave to file a sur-reply to the motion to file a motion to allow a response to WIPO arbitration to prevent default is GRANTED as follows: Vogel has permission to file the sur-reply. The undersigned notes that the information provided in the sur-reply appears to moot further consideration of the issue first raised in the emergency motion of Appellant Novo Point L.L.C. to file a motion to allow response to WIPO arbitration to prevent default.

(Exhibit 2 at p. 4.)

The Receiver will continue to keep this Court apprised of filings made in the Fifth Circuit regarding the UDRP complaint against funnygames.com.

Respectfully submitted,

*/s/ Barry M. Golden*
Barry M. Golden
Texas State Bar No. 24002149
Peter L. Loh
Texas Bar Card No. 24036982
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
(214) 999-4667 (facsimile)
(214) 999-3000 (telephone)
bgolden@gardere.com
ploh@gardere.com

**ATTORNEYS FOR THE RECEIVER,
PETER S. VOGEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF system on all counsel of record on December 29, 2011.

*/s/ Peter L. Loh*
Peter L. Loh

# EXHIBIT 1

No. 10-11202

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

NETSPHERE, INC. et al.,

      Plaintiffs,

    v.

JEFFREY BARON,

      Defendant/Appellant,

    v.

ONDOVA LIMITED COMPANY,

      Defendant - Appellee.

-----------------------------------------------------------------------------------------

*Consolidated with No. 11-10113*

NETSPHERE, INC., et al.,
      Plaintiffs,

    v.

JEFFREY BARON, et al.,
      Defendants,

    v.

QUANTEC L.L.C.; NOVO POINT L.L.C.,
      Movants – Appellee,

    v.

PETER S. VOGEL,
      Appellee.

-----------------------------------------------------------------------------------------

*Consolidated with No. 11-10289*

NETSPHERE, INC., et al.,
      Plaintiffs,

    v.

JEFFREY BARON,
      Defendant,

    v.

DANIEL J. SHERMAN,
      Appellee.

---

*Consolidated with No. 11-10290*

NETSPHERE, INC., et al.,
      Plaintiffs,

    v.

JEFFREY BARON, et al.,
      Defendants,

    v.

QUANTEC L.L.C.; NOVO POINT L.L.C.,
      Movants – Appellants,

    v.

PETER S. VOGEL,
      Appellee.

---

*Consolidated with No. 11-10390*

NETSPHERE, INC., et al.,
      Plaintiffs,

    v.

JEFFREY BARON,
      Defendant/Appellant,

    v.

QUANTEC L.L.C.; NOVO POINT L.L.C.,
      Movants – Appellants,

    v.

ONDOVA LIMITED COMPANY,
      Defendant – Appellee,

    v.

PETER S. VOGEL,
      Appellee.

--------------------------------------------------------------------------------
*Consolidated with No. 11-10501*

NETSPHERE, INC. et al.,
        Plaintiffs,

    v.

JEFFREY BARON,
        Defendant - Appellant,

QUANTEC L.L.C.; NOVO POINT L.L.C.,
        Movants -Appellants,

CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.,
        Appellant,

    v.

PETER S. VOGEL,
        Appellee,

DANIEL J. SHERMAN,
        Appellee.

---

## THE RECEIVER'S MOTION FOR LEAVE TO FILE SUR-REPLY TO MR. SCHEPPS' UNAUTHORIZED FUNNYGAMES MOTION

---

Barry M. Golden
Texas Bar No. 24002149
Stacy R. Obenhaus
Texas Bar No. 15161570
Peter L. Loh
Texas Bar No. 24036982
Gardere Wynne Sewell, LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Tel: 214.999.3000
Fax: 214.855.4667
**Counsel for Peter S. Vogel, Receiver**

Prior to asking this Court for emergency relief concerning FUNNYGAMES.COM, Mr. Schepps never revealed that the District Court had already provided alternative relief. Mr. Schepps later attempted to justify this Machiavellian tactic by claiming that the District Court might have *tried* to address the matter, but had failed to do so effectively (and, under that warped rationalization that the ends of obtaining this Court's Order presumably justifies Mr. Schepps' illicit means of obtaining it).

Since the date when the Receiver filed his response brief, new evidence has developed, demonstrating the flaw in Mr. Schepps' threshold predicate. Specifically, on December 22, 2011, *ICANN and WIPO terminated the FUNNYGAMES.COM proceeding*. Given ICANN's and WIPO's compliance with the District Court's stay orders, this proves that there never was an emergency in the first place (and by extension, no reason for Mr. Schepps to seek emergency relief, let alone, to do so in the unseemly manner in which he did).

Accordingly, based on this new evidence that did not exist at the time that the Receiver filed his response brief, the Receiver seeks leave to file the surreply in the form set forth in attached Exhibit A and to demonstrate the impact of this evidence on the issues being considered by this Court, including whether this Court should vacate its prior emergency Order and issue other forms of relief to the Receiver.

THE RECEIVER'S MOTION FOR LEAVE TO FILE SUR-REPLY
TO MR. SCHEPPS' UNAUTHORIZED FUNNYGAMES MOTION                    4

Respectfully submitted,

/s/ Barry M. Golden
Barry M. Golden
Texas State Bar No. 24002149
Peter L. Loh
Texas Bar Card No. 24036982
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
(214) 999-4667 (facsimile)
(214) 999-3000 (telephone)
bgolden@gardere.com
ploh@gardere.com

**ATTORNEYS FOR THE
RECEIVER, PETER S. VOGEL**


## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for the Receiver attempted to confer via e-mail on December 27, 2011, with regard to the foregoing motion with Gary Schepps, Thomas Jackson (recognized by the District Court as counsel for Novo Point, LLC), Joshua Cox (recognized by the District Court as counsel for Novo Point, LLC), and counsel for the Trustee, Ray Urbanik and Richard Hunt.  Mr. Schepps indicated he is opposed to the motion.  All other counsel either did not respond to the attempt to confer or stated they were unopposed to the motion.


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF system on all counsel of record on December 27, 2011.

/s/ Barry M. Golden
Barry M. Golden

# EXHIBIT A

No. 10-11202

## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

NETSPHERE, INC. et al.,

Plaintiffs,

v.

JEFFREY BARON,

Defendant/Appellant,

v.

ONDOVA LIMITED COMPANY,

Defendant - Appellee.

---

*Consolidated with No. 11-10113*

NETSPHERE, INC., et al.,
Plaintiffs,

v.

JEFFREY BARON, et al.,
Defendants,

v.

QUANTEC L.L.C.; NOVO POINT L.L.C.,
Movants – Appellee,

v.

PETER S. VOGEL,
Appellee.

---

*Consolidated with No. 11-10289*

NETSPHERE, INC., et al.,
Plaintiffs,

v.

JEFFREY BARON,
Defendant,

v.

DANIEL J. SHERMAN,
Appellee.

---

*Consolidated with No. 11-10290*

NETSPHERE, INC., et al.,
      Plaintiffs,

    v.

JEFFREY BARON, et al.,
      Defendants,

    v.

QUANTEC L.L.C.; NOVO POINT L.L.C.,
      Movants – Appellants,

    v.

PETER S. VOGEL,
      Appellee.

---

*Consolidated with No. 11-10390*

NETSPHERE, INC., et al.,
      Plaintiffs,

    v.

JEFFREY BARON,
      Defendant/Appellant,

    v.

QUANTEC L.L.C.; NOVO POINT L.L.C.,
      Movants – Appellants,

    v.

ONDOVA LIMITED COMPANY,
      Defendant – Appellee,

    v.

PETER S. VOGEL,
      Appellee.

*Consolidated with No. 11-10501*

NETSPHERE, INC. et al.,
        Plaintiffs,

    v.

JEFFREY BARON,
        Defendant - Appellant,

QUANTEC L.L.C.; NOVO POINT L.L.C.,
        Movants -Appellants,

CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.,
        Appellant,

    v.

PETER S. VOGEL,
        Appellee,

DANIEL J. SHERMAN,
        Appellee.

## THE RECEIVER'S SUR-REPLY TO MR. SCHEPPS' UNAUTHORIZED FUNNYGAMES MOTION

Barry M. Golden
Texas Bar No. 24002149
Stacy R. Obenhaus
Texas Bar No. 15161570
Peter L. Loh
Texas Bar No. 24036982
Gardere Wynne Sewell, LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Tel: 214.999.3000
Fax: 214.855.4667
**Counsel for Peter S. Vogel, Receiver**

Prior to asking this Court for emergency relief concerning FUNNYGAMES.COM, Mr. Schepps never revealed that the District Court had already provided alternative relief. Mr. Schepps later attempted to justify this Machiavellian tactic by claiming that the District Court might have **_tried_** to address the matter, but had failed to do so effectively (and, under that warped rationalization that the ends of obtaining this Court's Order presumably justifies Mr. Schepps' illicit means of obtaining it).

Since then, the Receiver has obtained new evidence to demonstrate the flaw in Mr. Schepps' threshold predicate. Based on the District Court's stay orders, **_ICANN and WIPO have now terminated the FUNNYGAMES.COM proceeding_**. Given ICANN's and WIPO's compliance with the District Court's stay, this proves that there never was an emergency in the first place (and by extension, no reason for Mr. Schepps to seek emergency relief, let alone, to do so in the unseemly manner in which he did).

But Mr. Schepps no doubt views this course of events as an enormous victory. By demanding emergency relief, Mr. Schepps (1) obtained an Order to serve as his precedential cornerstone for attempting to assert authority over a company that controls the domain names (*i.e.*, the bulk of the Receivership Assets), (2) forced the Receiver to waste enormous resources and further jeopardize the Receivership's administrative solvency, and (3) demonstrated his

ability to manipulate this Court—just like he regularly does with the Bankruptcy Court and the District Court—through the power of the falsified emergency.

**A.   There never was an emergency in the first place.**

Mr. Schepps misled the Court into believing incorrectly that an emergency existed—that absent an emergency Order to be issued in about two hours, the domain name FUNNYGAMES.COM would be lost forever due to a default. [Document No. 511695587.] Mr. Schepps never told this Court that the District Court already had this matter perfectly under control—by ordering that (1) the Receiver shall not respond to the FUNNYGAMES.COM URDP, (2) the FUNNYGAMES.COM UDRP is stayed, and (3) ICANN must ensure that WIPO complies with the stay of the FUNNYGAMES.COM UDRP under threat of contempt and sanctions. [Document No. 511698561 at Exs. 1-3; District Court Docket Nos. 724, 726, 738.] Mr. Schepps—while failing to alert the Court to any of this—later rationalized that it did not matter, since, according to Mr. Schepps, the District Court did not have the matter under control anyway. [Document No. 511701683.] We now know, however, that Mr. Schepps was completely wrong.

On December 22, 2011, and based on the existence of the Receivership Stay, WIPO terminated the FUNNYGAMES.COM UDRP. [*See* Exhibit 1, which is the WIPO Order terminating the FUNNYGAMES.COM UDRP proceeding under UDRP Rule 18, which allows for termination due to a pending matter in a district

**THE RECEIVER'S SUR-REPLY TO MR. SCHEPPS'**
**UNAUTHORIZED FUNNYGAMES MOTION**

court.]   On that same day, ICANN—whom the District Court threatened with contempt and sanctions if WIPO did not comply with the stay—reported to the District Court that WIPO had, in fact, ***terminated*** the UDRP.   [*See* Exhibit 2, which is the ICANN filing in the District Court.]   What this demonstrates is that the District Court always had this matter under control, and there was never any need for Mr. Schepps to claim the existence of an emergency in the first place—let alone to claim an emergency based on the material omission that the District Court had already resolved the issues.

**B.   The Receiver requests that the Fifth Circuit vacate its prior emergency Order and issue further relief.**

The Receiver previously demonstrated to this Court how Mr. Schepps (1) has no authority to act on behalf of Novo Point, LLC (and certainly no authority to make legal or business strategy decisions, like he did in this instance), and (2) will use this Court's emergency Order as a springboard to further obstruct the Receivership and the work of the Receiver.   [Document No. 511698561.] Accordingly, the Receiver respectfully re-urges that this Court vacate the emergency Order.   Furthermore, based on the conduct of Mr. Schepps, the Receiver re-urges also that the Court enjoin Mr. Schepps (or any attorney working on behalf of Mr. Baron) from filing emergency motions with this Court prior to a telephone conference with Court personnel and the Receiver, and sanction Mr.

Schepps and award the Receiver his attorneys' fees to be paid directly by Mr.

Schepps to the Receiver's counsel relating to this matter.

Respectfully submitted,

*/s/ Barry M. Golden*
Barry M. Golden
Texas State Bar No. 24002149
Stacy R. Obenhaus
Texas Bar No. 15161570
Peter L. Loh
Texas Bar Card No. 24036982
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
(214) 999-4667 (facsimile)
(214) 999-3000 (telephone)
bgolden@gardere.com
sobenhaus@gardere.com
ploh@gardere.com

**ATTORNEYS FOR THE
RECEIVER, PETER S. VOGEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was
served via the Court's ECF system on all counsel of record on December 27, 2011.

*/s/ Barry M. Golden*
Barry M. Golden

# Exhibit 1



ARBITRATION
AND
MEDIATION CENTER

**WIPO**
WORLD
INTELLECTUAL PROPERTY
ORGANIZATION

## ADMINISTRATIVE PANEL ORDER

Tibaco Beheer B.V. v. Quantec, LLC/Novo Point, LLC / Whois Privacy
Services Pty Ltd - customer ID 41323079999371
Case No. D2011-2021

### 1. The Parties

The Complainant is Tibaco Beheer B.V. of Eindhoven, Netherlands, represented by CMS Derks Star
Busmann, Netherlands.

The Respondent is Quantec, LLC/Novo Point, LLC of Dallas, Texas, United States of America, represented
by Gary N. Schepps, United States of America / Whois Privacy Services Pty Ltd - customer ID
41323079999371 of Fortitude Valley, Australia.

### 2. The Domain Name and Registrar

The disputed domain name <funnygames.com> is registered with Fabulous.com,

### 3. Discussion and Findings

The duly appointed UDRP Panel has reviewed the applicable case file for the above-referenced UDRP
proceeding, including the party pleadings and the various submissions and orders pertaining to an on-going
dispute concerning the disputed domain name before a number of courts in the United States of America.

In all the circumstances, the Panel finds the appropriate course, pursuant to its authority under UDRP Rule
18, to order the termination of the instant UDRP proceeding.

### 4. Order

Accordingly, the UDRP Panel hereby terminates the above-referenced UDRP proceeding before the WIPO
Arbitration and Mediation Center.

**Luca Barbero**
Sole Panelist

December 22, 2011

# Exhibit 2

Case 3:09-cv-00988-F   Document 760   Filed 12/29/11   Page 21 of 28   PageID 39109
Case: 10-11202   Document: 00511707477   Page: 12   Date Filed: 12/27/2011

Case 3:09-cv-00988-F   Document 755   Filed 12/22/11   Page 1 of 3   PageID 38994

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| NETSPHERE, INC., MANILA INDUSTRIES, INC., AND MUNISH KRISHAN, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:09-CV-0988-F |
| JEFFREY BARON AND ONDOVA LIMITED COMPANY, | § § § | |
| Defendants. | § § | |

## NON-PARTY ICANN'S SUPPLEMENTAL RESPONSE TO THE COURT'S DECEMBER 13, 2011 ORDER DENYING ICANN'S MOTION TO VACATE

On December 13, 2011, this Court denied non-party Internet Corporation for Assigned Names and Numbers' ("ICANN") motion to vacate the Court's order granting the Receiver's verified emergency motion to enforce stay and the Court's subsequent show cause order. (Dkt. #738) In its order, the Court asked ICANN to file notice confirming its compliance with the Court's order. (*Id.*) On December 16, 2011, ICANN filed its response to the Court's December 13, 2011 order denying ICANN's motion to vacate. (Dkt. #741) On December 22, 2011, ICANN was informed, and thus hereby provides notice to the Court, that the WIPO Panel hearing the UDRP proceeding on www.funnygames.com has terminated the proceeding pursuant to Rule 18 of the UDRP. A copy of the Panel's order is attached hereto as Exhibit A.

Case 3:09-cv-00988-F   Document 760   Filed 12/29/11   Page 22 of 28   PageID 39110
Case: 10-11202   Document: 00511707477   Page: 13   Date Filed: 12/27/2011

Case 3:09-cv-00988-F   Document 755   Filed 12/22/11   Page 2 of 3   PageID 38995

Dated:  December 22, 2011

Respectfully submitted,

**JONES DAY**

/s/ Jason Cross
Jeffrey A. LeVee
Kate Wallace
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2539
Email: jlevee@jonesday.com
         kwallace@jonesday.com

Jason Cross
Texas State Bar No. 24045727
2727 N. Harwood Street
Dallas, TX  75201
Telephone: (214) 220-3939
Facsimile:  (214) 969-5100
Email:  jcross@jonesday.com

*ATTORNEYS FOR NON-PARTY*
*INTERNET CORPORATION FOR*
*ASSIGNED NAMES AND NUMBERS*

Case 3:09-cv-00988-F   Document 760   Filed 12/29/11   Page 23 of 28   PageID 39111
Case: 10-11202   Document: 00511707477   Page: 14   Date Filed: 12/27/2011

Case 3:09-cv-00988-F   Document 755   Filed 12/22/11   Page 3 of 3   PageID 38996

### CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2011, I electronically filed the foregoing Non-Party ICANN's Supplemental Response to the Court's December 13, 2011 Order Denying ICANN's Motion to Vacate with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the individuals who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Jason Cross

# EXHIBIT 2

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 10-11202

---

NETSPHERE, INC., Et Al

        Plaintiffs

v.

JEFFREY BARON,

        Defendant - Appellant

v.

ONDOVA LIMITED COMPANY,

        Defendant - Appellee

CONS. w/  11-10113

NETSPHERE, INC., Et Al

        Plaintiffs

v.

JEFFREY BARON, Et Al

        Defendants

v.

QUANTEC L.L.C.; NOVO POINT L.L.C.,

        Movants - Appellants

v.

PETER S. VOGEL

      Appellee

CONS. w/ 11-10289

NETSPHERE, INC., ET AL

v.

      Plaintiffs

JEFFREY BARON,

      Defendant - Appellant

v.

DANIEL J. SHERMAN,

      Appellee


CONS. w/ 11-10290

NETSPHERE, INC., ET AL,

      Plaintiffs

v.

JEFFREY BARON, ET AL

      Defendants

v.

QUANTEC L.L.C.; NOVO POINT L.L.C.,

      Movants - Appellants

v.

PETER S. VOGEL,

        Appellee

CONS. w/ 11-10390

NETSPHERE, INC., ET AL

        Plaintiffs

v.

JEFFREY BARON,

        Defendant - Appellant

QUANTEC, L.L.C.; NOVO POINT, L.L.C.,

        Movants - Appellants

v.

ONDOVA LIMITED COMPANY,

        Defendant - Appellee

PETER S. VOGEL

        Appellee

CONS. w/ 11-10501

NETSPHERE, INCORPORATED, ET AL

        Plaintiffs

v.

JEFFREY BARON,

       Defendant - Appellant

QUANTEC L.L.C.; NOVO POINT L.L.C.,

       Movants - Appellants

CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.,

       Appellant

v.

PETER S. VOGEL; DANIEL J. SHERMAN,

       Appellees

---

Appeal from the United States District Court for the
Northern District of Texas, Dallas

---

O R D E R:

    IT IS ORDERED that the opposed motion of Appellee Peter S. Vogel for leave to file a sur-reply to the motion to file a motion to allow a response to WIPO arbitration to prevent default is GRANTED as follows: Vogel has permission to file the sur-reply. The undersigned notes that the information provided in the sur-reply appears to moot further consideration of the issue first raised in the emergency motion of Appellant Novo Point L.L.C. to file a motion to allow response to WIPO arbitration to prevent default.

                                   CATHARINA HAYNES
                                   UNITED STATES CIRCUIT JUDGE