IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NETSPHERE, INC., MANILA INDUSTRIES, INC., AND MUNISH KRISHAN | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-0988-L |
| JEFFREY BARON AND ONDOVA LIMITED COMPANY, | § § § § | |
| *Defendants*. | § | |

**THE RECEIVER'S NOTICE OF STATUS OF
CERTAIN FORMER RECEIVERSHIP ASSETS**

While the Receiver has ceased operations and delivered or attempted to deliver dominion over all Receivership property, save and except for certain cash assets held pursuant to the Court's Orders, there are a limited number of lingering matters that, in the opinion of the Receiver, require only notice to the potentially affected parties in advance of the Receiver's discharge so that they can be pursued, as may be proper, elsewhere by those parties.[1] Accordingly, the Receiver submits this brief Notice of Status of Certain Former Receivership Assets to advise the Court and interested parties of the current status of the following former Receivership Assets that have been turned over by the Receiver pursuant to this Court's Orders.

**1.    Quasar Services, LLC**

Pursuant to the Court's Orders, Quasar Services, LLC ("Quasar") was turned over to Ms. Katz. However, the following continuing contractual obligations of Quasar remain: (1) office space lease (about 780 sq. ft. in Carrollton, Texas); (2) internet access (Clear); and (3)

---

[1] The Receiver is aware of other litigation involving former Receivership parties, or those claiming to speak on their behalf, contesting ownership and dominion of other Receivership property.

webhosting (CoreNetworks).  Each of these three contracts is on a month-to-month basis.  The April and May expenses for these three contracts are unpaid.  Quasar's bank account at BBVA Compass is overdrawn by $818.00.

Mr. James M. Eckels was previously managing Quasar for the Receivership.  Mr. Eckels attempted several times to contact Ms. Katz regarding these Quasar obligations and received no response.  On May 5, 2014, an e-mail sent to Ms. Katz's e-mail address was returned as having "failed permanently."

Because Ms. Katz refuses to accept them, the Receiver is abandoning the above-listed contractual obligations of Quasar.

**2.     Domain Jamboree, LLC**

The Receiver's understanding is that this asset belongs to Mr. Baron.  Accordingly, pursuant to the Court's Orders, the Receiver turned over Domain Jamboree, LLC ("Domain Jamboree") to Mr. Baron or his counsel, but he has refused to acknowledge the Receiver's efforts or make any effort to take control of the entities.

During the Receivership, Quasar filed the necessary filings with the Wyoming Secretary of State to maintain Domain Jamboree as an LLC in good standing.  The annual report and renewal fees for Domain Jamboree are due on July 1, 2014.  The Receiver will not be filing the report or renewal fees for Domain Jamboree.

**3.     Pokerstars.net (referred to at times as pokerstar.com)**

The Receiver has directed the revenue derived from this domain name to Mr. Baron and provided notice of this to Mr. Payne as counsel for Ms. Katz.

Mr. Paul Keating, a lawyer located in Spain and claiming to have been hired by RPV Ltd. as the trustee for the Village Trust to represent the Village Trust (as well as Novo Point and Quantec) has recently asserted a claim to the domain and that revenue, alleging that the Village

Trust is the owner of the domain by virtue of the Netsphere Settlement Agreement that preceded the Receivership. Mr. Keating has requested that the Receiver instruct Fabulous.com, the registrar, that Mr. Keating represents the Village Trust and that the Village Trust holds the title to the domain pokerstar.com, notwithstanding the prior controversy between Mr. Baron and Ms. Katz over who properly speaks for the Village Trust and whether its status is affected by earlier orders.

To be clear, consistent with Court Orders, the Receiver ceased asserting any ownership over this domain. The Receiver will not in this regard take any position on who properly speaks on behalf of the Village Trust or its status as an entity separate from Mr. Baron. Mr. Keating asserts that Ms. Katz has taken possession of the domain. The Receiver reminded Mr. Keating that if his client(s) had a claim to the domain, it could have appeared before this Court at any time to assert its ownership interest and it failed to do so. Mr. Keating continued to express his unwillingness to appear before this Court to present his client's claim.

Counsel for the Receiver has repeatedly asked Mr. Payne to state his client's position on this issue. Mr. Payne has acknowledged the query and promised a response, but has to date declined to answer.

**4.    Domains Assigned to the Ondova Trustee**

The Court may be aware, by virtue of a recent filing by Mr. Payne on behalf of his clients, of some concern over the domain "RosaParks.com". The Receiver understands that the Ondova Trustee is in possession of the following domain names:

1.   budgetnames.com
2.   compana.com
3.   fashionmerchandising.com
4.   lowpriceprepaid.com

5. mondial.com

6. ondova.com

7. petfinders.com

8. reficonsolidation.com

9. rosaparks.com

10. spamhaus.com

11. stratonet.com

12. zvmail.com

The ownership of the above twelve domain names were in dispute in 2010 (before creation of the Receivership). Pursuant to paragraph 4 of the Settlement Agreement, and an agreement between Mr. Pronske, as counsel for Mr. Baron, and Mr. Urbanik, as counsel for the Ondova Trustee, these names were transferred to the Ondova Trustee.

The Receiver does not have possession of any of the above domain names.

**5.     Manassas, LLC**

Manassas, LLC ("Manassas") owns a bank account at Bank of America. The Receiver understands that Manassas is a company owned by Mr. Baron that previously received monetizations from some of Mr. Baron's domain names before they were transferred to Domain Holdings. When Mr. Baron filed bankruptcy in July 2009, Elizabeth Schurig and her law firm took over the accounts of Manassas. At that time, the former manager of the Domain Names, Mr. Ron Sheridan, stated that he was unable to redirect one of the monetizers (First Look) to another account, thus, the Manassas bank account continued receiving funds. Mr. Sheridan stated he would wire the funds when the account contained significant funds. In 2011, Mr. Sheridan made two small wire transfers for less than $5,000 each. All Domain Names were removed from First Look's monetization in early 2012. In late 2012, after all Domain Names

had been moved to Domain Holdings, Mr. Sheridan reported to Damon Nelson that there was less than a few thousand dollars in the Manassas account. Since that time, Mr. Sheridan has refused to respond to Mr. Damon's inquiries.

The Receiver is unable to obtain any further information about Manassas or the bank account at Bank of America. The Receiver identifies this claim so that it may be pursued by Mr. Baron (or any other claimant) if he is so inclined.

## CONCLUSION

The Receiver respectfully requests that the Court and the parties hereto take notice of the status of the above listed assets.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ David J. Schenck
David J. Schenck
State Bar No. 17736870
Jeffrey R. Fine
State Bar No. 07008410
Christopher D. Kratovil
State Bar No. 24027427
1717 Main Street, Suite 4000
Dallas, Texas 75201
(214) 462-6455
(214) 462-6401849 (Telecopier)
**ATTORNEYS FOR THE RECEIVER, PETER S. VOGEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF system on all counsel of record on May 8, 2014.

By: /s/ David J. Schenck
David J. Schenck