IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NETSPHERE, INC**.; | § | |
| **MANILA INDUSTRIES, INC.; AND** | § | |
| **MUNISH KRISHAN**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-0988-L** |
| | § | |
| **JEFFREY BARON AND** | § | |
| **ONDOVA LIMITED COMPANY**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is RPV, Ltd.'s Objection to the Notice of Withdrawal and Motion to Strike

("Motion" or Motion to Strike") (Doc. 1416), filed July 25, 2014.  After considering the Motion,

response, reply, evidence, and record, the court **denies** RPV, Ltd.'s Motion to Strike (Doc. 1416).[1]

RPV, Ltd. ("RPV"), who has not formally appeared in this case or sought to intervene,

asserts, based on the affidavit of David McNair ("McNair"), that it is the newly appointed trustee of

the Village Trust and sole owner of Novo Point, LLC ("Novo Point") and Quantec, LLC ("Quantec")

(collectively, "the LLCs") with authority to act on behalf of the LLCs.[2]  RPV requests that the court

---

[1] RPV, Ltd.'s Motion is titled as indicated, whereas the Motion's footer and supporting appendices refer to the Motion as "Motion to Strike Doc 1414 and for Order to Show Cause re: Authority" or similar variations that include references to show cause.  The body of the Motion, however, says nothing about a request to show cause.  RPV instead merely contends in passing that Payne should be required to prove "his continued authority to act as counsel for the LLCs specifically in the appeal and more generally."  RPV's Mot.  9.

[2] It has been a common tactic of Defendant and receivership party Jeffrey Baron ("Baron") and the LLCs throughout this litigation to have multiple persons and entities come forward and bombard the court with filings at strategic times either on behalf of Baron, the LLCs, or other offshore entities in an effort to confuse the issues or manipulate the proceedings in a manner that is beneficial to Baron or the LLCs.  According to RPV's and evidence previously submitted by Baron, RPV was created on June 28, 2013, the same day it was allegedly appointed as the

strike the Notice of Withdrawal of Notice of Appeal (Doc. 1414) filed by attorney Christopher Payne

("Payne"), who is listed as counsel in this case for the LLCs.  In its Motion, RPV contends that the

Notice of Withdrawal of Notice of Appeal (Doc. 1414) should be stricken because: "(1) Payne does

not represent the LLCs on appeal and therefore has no authority to withdraw the appeal filed by

separate and independent appellate counsel; and (2) Payne has not and cannot show any authority

to represent the LLCs on appeal in this matter."  RPV's Mot. 1.  RPV contends that the court's

orders directing the Receiver to return the LLCs' assets to the LLCs' manager Lisa Katz ("Katz")

did not give Payne exclusive authority over the LLCs or the sole and exclusive right to control the

appeal at issue, and that "numerous parties and entities have questioned Payne's authority to

represent the LLCs and this is yet another example of Payne exceeding any authority and acting

unilaterally further complicating matters."[3]  *Id.* at 2.  RPV further asserts that the Motion for

---

successor trustee of the Village Trust, and the same day the notice of appeal, that is the subject of RPV's Motion, was filed.  At no time since the receivership was established in 2010, however, has RPV or the former trustee Southpac Trust International, Inc. ("Southpac") ever attempted to intervene or appear in this case, despite its contention that the attorney who has been representing the LLCs in this action, the related bankruptcies, and appeals for the past several years lacks authority to act on behalf of the LLCs. *The court will not permit any further multiple filings by different parties or attorneys purporting to act on behalf of Baron or the LLCs, either directly or indirectly.  If this practice continues, the court will sanction the offending parties or attorneys, or both.*

[3] RPV's contention regarding numerous parties and entities questioning Payne's authority to represent the LLCs is not substantiated by RPV's Motion, the evidence, or the record in this and related cases.  In reality, as far as the court is aware, only Jeffrey Baron, and those acting on his behalf either directly or indirectly, have actually disputed Payne's and Lisa Katz's authority, and only did so after the court announced that it would begin winding down the receivership. Prior to this time, no complaints or objections were lodged by Baron, the LLCs, or those acting on their behalf regarding the authority of Payne, Katz, or Baron's former attorney Gary Schepps ("Schepps") to act on behalf of the LLCs, and evidence previously submitted by Baron indicates that Payne and Schepps were retained as counsel by the Village Trust or Baron to represent Baron and the LLCs in this action.  *See* LLCs' App. 131-32 (Doc. 24-2 in Civil Action No. 3:14-CV-1552-L).  Moreover, when this court and the bankruptcy court previously conducted proceedings to determine whether these or other persons had authority to act on behalf of the LLCs, Baron, the LLCs, and the Village Trust refused to cooperate because the continuation of the disruptive conduct by those acting on behalf of Baron and the LLCs suited their agenda at the time of thwarting the proceedings in this case and preventing the assets of the LLCs from falling into the hands of the Receiver or bankruptcy trustees.  *See id.*  Ironically, RPV now relies on these same proceedings, that were conducted in connection with the receivership order that was subsequently reversed, to support its contention that Payne lacks authority to represent the LLCs. Furthermore, the manufactured dispute as to whom has authority to represent

---

**Memorandum Opinion and Order - Page 2**

Temporary Injunction and supporting evidence previously filed by the LLCs against Payne and Katz in Civil Action 3:14-CV-1552-L, "fully spells out in detail all the reasons Payne has no authority in general including both the violation of the professional rules and the conflicts of interest." *Id.* at 7. RPV therefore contends that it "believe[s]" that the court "is required to act under the teachings of *In re American Airlines*, 972 F.2d 605, 611 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1262 (1993)." *Id.* at 2.

According to RPV's Motion, the appeal at issue pertains to Case No. 13-10696, which was filed by the LLCs and Baron with the Fifth Circuit.[4]  RPV contends that the appeal was perfected as a result of the notice of appeal filed by attorney Mpatanishi Tayari Garrett ("Garrett") on June 28, 2013,[5] and that a "proper notice of appearance by counsel, Paul Raynor Keating, was timely filed" in the appeal on July 18, 2014.  RPV's Mot. 2; RPV's Supplemental App. 2-4 (Doc. 1418)[6].  Based on the notice of appeal filed by Garrett in this case and notice of appearance filed by attorney Paul Raynor Keating ("Keating") in the appeal, RPV contends: "Garrett, not PAYNE, was counsel of record in the Appeal. Keating filed the brief after properly appearing."  RPV's Mot. 3.  RPV maintains that, unless Payne's Notice is withdrawn or stricken, there is a risk that the Fifth Circuit will treat the appeal as abandoned and the LLCs will suffer irreparable harm as a result.  RPV asserts

---

and manage the LLCs only recently arose because of the eleventh-hour efforts taken by Baron or those acting on his and the LLCs' behalf to terminate Katz and appoint a new manager of the LLCs in an attempt to manipulate the winding down of the receivership and the return of the receiverships' assets to Baron's designee of choice.

[4] Case No. 13-10696 is an interlocutory appeal of the orders (Docs. 1282 and 1287) entered by former Senior United States District Judge Royal Furgeson in May 2013 regarding the payment of receivership fees and expenses.

[5] The notice of appeal filed by Garrett was filed on behalf of Baron and the LLCs.

[6] The pages of RPV's supplemental appendix were not numbered sequentially as required by Local Civil Rule 7.1(i).  The court's citation to the materials in this appendix is therefore to the electronic case filing or "ECF" page numbers that appear at the top of each page.

**Memorandum Opinion and Order - Page 3**

that: "Given the harm Payne *could* create through filing documents related to the appeal without authority," Payne should be required to prove "his continued authority to act as counsel for the LLCs specifically in the appeal and more generally." *Id*. at 9 (emphasis added).

On July 18, 2014, Payne responded on behalf of the LLCs, contending that RPV's Motion to Strike is simply another creative attempt by Baron and those acting on his behalf, including McNair, to avoid the court's prior orders in this case, with respect to the winding down of the receivership and return of the LLCs' assets to Katz.

The Notice of Withdrawal of Notice of Appeal filed by Payne on behalf of the LLCs, which RPV seeks to strike, states as follows:

> Novo Point LLC and Quantec LLC withdraw the Notice of Appeal filed June 28, 2013 in the name of Novo Point LLC and Quantec LLC, Doc 1297.
>
> 1. This withdrawal does not impact or apply in any way to the notice of appeal taken for Jeffrey Baron on the same date and in the same filing.
>
> 2. Ms. Garrett, upon information and belief, in good faith and with the intention of protecting the interests of Novo Point LLC and Quantec LLC filed the notice of appeal.
>
> 3. Ms. Garrett, however, lacked authority to file the appeal on behalf of Novo Point LLC and Quantec LLC.
>
> 4. The Fifth Circuit has ruled that an unauthorized notice of appeal, although laudable in its intent, is invalid and does not invoke the jurisdiction of the appellate court. *US v. El-Mezain*, 664 F.3d 467, 577, 578 (5th Cir. 2011).

Notice of Withdrawal of Notice of Appeal 1 (footnote omitted).

As previously noted, RPV cites *In re American Airlines* in its Motion, and this is the only case cited in support of its Motion. *In re American Airlines* involved disqualification of counsel for conflict of interest. The court in *In re American Airlines* reemphasized that a "motion to disqualify

**Memorandum Opinion and Order - Page 4**

counsel is the proper method for a party-litigant to bring the issues of conflict of interest or breach of ethical duties to the attention of the court." *In re American Airlines*, 972 F.2d at 611.  It is not entirely clear what is intended by RPV's reference, without explanation, to *In re American Airlines*. RPV alludes to an unspecified conflict in its Motion to Strike, and the LLCs contend in their motion for preliminary injunction, which RPV incorporates by reference, that Payne has a substantial conflict with the LLCs because: (1) Payne "represents the interests of Gary Schepps[,] a creditor in an alleged 3-4 million dollar claim against" the LLCs; (2) Payne has filed joint pleadings with Schepps; and (3) Payne and Schepps share a PACER account to file documents with courts.  RPV, however, has not expressly moved, in its Motion to Strike, to disqualify Payne based on a conflict of interest or breach of ethical duties.  RPV instead requests that the court strike the Notice of Withdrawal of Notice of Appeal filed by Payne based on his alleged lack of authority to act on behalf of the LLCs, either generally or specifically with respect to the appeal.

Even assuming that RPV intended to move to disqualify Payne or enjoin him from taking further action in this case, it would have the burden of proof.  *See id.* at 614; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (concluding that a preliminary injunction must not be granted unless the movant, by a clear showing, carries the burden of persuasion).  Thus, although RPV repeatedly asserts that Payne has not presented evidence regarding his authority to act on behalf of the LLCs, Payne does not have the burden of proof, and it would be improper for the court to shift the burden to him and require him to "show cause" or prove his authority as requested by RPV.  Moreover, the evidence relied on by RPV is insufficient to disqualify Payne based on an alleged conflict of interest or to enjoin him from taking further action in this case.

**Memorandum Opinion and Order - Page 5**

Regarding the alleged conflict, the docket in the appeal that is the subject of RPV's Motion indicates that Schepps is one of several attorneys currently representing Baron and the LLCs. This fact alone seriously undermines RPV's argument regarding an alleged conflict as a result of Payne's affiliation and representation of Schepps. If Schepps is representing Baron and the LLCs in the appeal that was filed in June 2013, the court can only assume that any dispute between them was resolved long before RPV filed its Motion to Strike.

Moreover, as previously noted, the Village Trust or Baron hired Payne and Schepps to represent Baron and the LLCs in this action sometime prior to May 2013,[7] and they never complained about an alleged conflict after Schepps joined the ranks of Baron's many former attorneys in seeking to recover for legal services performed. RPV's App. 134 (Ex. 21 to McNair Aff.). It was not until this court announced that it would begin winding down the receivership in 2014 and declined to return the LLCs' receivership assets to Baron's chosen designee that Payne's affiliation with and prior representation of Schepps *suddenly* became an issue. Accordingly, RPV has not met its burden of establishing a conflict, and the court finds its contentions in this regard to be completely without merit.

RPV's evidence is also insufficient to satisfy the requirements of a temporary restraining order ("TRO") or preliminary injunction.[8] Despite counsel's protestations to the contrary,[9] the court

---

[7] RPV's evidence indicates that the former trustee of the Village Trust retained Schepps in January 2011 to represent the LLCs in this case and considered that retention valid as of May 2013, shortly before the notice of appeal was filed on behalf of the LLCs in this case. *See* RPV's App. 134 (Ex. 21 to McNair's Aff.). As noted, Schepps also represented Baron in this case and related appeals.

[8] There are four prerequisites for the extraordinary relief of a TRO or preliminary injunction. A court may grant such relief only when the movant establishes that:

(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the

has carefully reviewed the various versions of McNair's declarations and affidavits and supporting

documentation that have been filed in this and related cases by RPV, Baron, and the LLCs, and

concludes that such evidence is insufficient to satisfy all of the requirements of a TRO or preliminary

injunction.[10] RPV's evidence does not support its contention regarding its or McNair's authority to

act on behalf of the LLCs;[11] nor does it establish that Payne acted unethically in filing the Notice of

---

      movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary
      injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) ( en banc ). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a TRO or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction. Because a TRO and preliminary injunction are considered "extraordinary and drastic remed[ies]," neither is granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).

    [9] In support of a renewed motion for TRO filed on behalf of the LLCs against Payne and Katz in related Civil Action No. 3:14-CV-1552-L, RPV's counsel in this case, who is also acting as counsel for the LLCs in Civil Action No. 3:14-CV-1552-L, which was recently remanded, contends that McNair's affidavit "provides exacting evidence" of his authority to act on behalf of RPV and the LLCs, and that "Judge Lindsay's March 11th Order [denying Baron's motion for reconsideration in this case] clearly shows that he did not review the affidavit." Pls.' Mem. in Support of Renewed Application for a TRO 4 and 7 (Civil Action No. 3:14-CV-1552-L).

    [10] The exhibits attached to McNair's affidavit filed in support of RPV's Motion to Strike are the same as those filed in support of the LLCs' motion for preliminary injunction in Civil Action No. 3:14-CV-1552-L, except that the Trust Deed in this case was redacted. It is not apparent to the court what rule or statute would require these documents to be filed under seal, and leave was not sought to file them under seal. *See* Local Civil Rule 79.3. Accordingly, this memorandum opinion and order will not be filed under seal even though it refers to and quotes portions of documents that were filed under seal in support of RPV's Motion to Strike or the LLCs' request for injunctive relief in Civil Action No. 3:14-CV-1552-L.

    [11] According to the Village Trust documents and other evidence relied on by RPV and Baron in this case, David McNair is the sole director of CITP Limited ("CITP"), which in turn is the director of RPV *and* the protector of the Village Trust. On June 28, 2013, CITP, as protector of the trust and through its sole director McNair, appointed RPV as the *successor* trustee pursuant to Article III(B)(3) of the Trust Deed rather than an *additional* trustee under subsection (2). RPV accepted the appointment the same day. The same document reflecting the appointment of Southpac, however, indicates that former trustee Southpac "has resigned *or intends resigning* as trustee of the Trust." RPV's App. 138 (Ex. 23 to McNair Aff.) (emphasis added). It is unclear how a successor trustee can be appointed if the prior trustee has not yet resigned. The statement in this document that Southpac resigned or intends to resign also conflicts with Southpac's prior communication in a May 24, 2013 letter to Baron that "we retire as Trustee of the Trust *forthwith*." RPV's App. 134 (Ex. 21 to McNair Aff.).

**Memorandum Opinion and Order - Page 7**

Withdrawal of Notice of Appeal or lacked authority to act on behalf of the LLCs with respect to

appeal at issue. At most, the documents attached to McNair's affidavit regarding the communications

---

Aside from this inconsistency, RPV's subsequent appointment as trustee on June 28, 2013, whether as a successor or additional trustee, appears to directly violate the prohibition in Article III(B)(2)-(3) of the Trust Deed against the trust protector appointing itself or "any party related to or subordinate to itself or the Settlor as Trustee" because CITP is a director of RPV, and CITP, as protector of the trust, appointed an entity that is related to itself. Ex. 1 to McNair Decl. (Trust Deed, Article III(B)(2)-(3)) (Doc. 24-2 at 20-21 in Case No. 3:14-CV-1552-L). Moreover, the creation of CITP and RPV and the appointment of McNair as the LLCs' manager all originate from the same source and can be traced back to McNair, that is, McNair created and directed CITP and RPV, which in turn appointed him as the LLCs' manager. Thus, it appears that the elaborate trust structure was developed to enable McNair, Baron's chosen designee to receive the LLCs' receivership assets, to appoint himself in violation of the Trust Deed. If McNair's appointment of RPV through CITP was done in violation of the Trust Deed, then RPV did not have authority to appoint McNair as manager of the LLCs on March 4, 2014, and McNair's appointment as manager of the LLCs is also invalid. Also curious is that McNair's March 4, 2014 appointment as manager of the LLCs, was conveniently backdated to July 3, 2013, the date that the former manager Corporate Director Management Services, LLC ("CDMS") resigned.

Additionally, the records indicate that RPV was created for the sole purpose of acting as trustee of the Village Trust, and it was incorporated, appointed as trustee, and accepted as trustee on the same day. June 28, 2013, is also the day that RPV appointed CITP as its director. The resignation of the former trustee and appointment of the new trustee occurred suspiciously close in time to and appear to be tied to Baron's request for the trustee of the Village Trust to approve a settlement between Baron and his former attorneys, as well as the May 28, 2013 filing of a proposed settlement by Baron and his former attorneys in this case (Doc. 1284). The proposed settlement purports to replace the Global Settlement Agreement that was previously reached by all parties concerned, including the Ondova bankruptcy trustee, and approved by the Ondova bankruptcy court. As previously noted, RPV's evidence indicates that Baron wanted to enter a settlement with his former attorneys to prevent the assets of the LLCs from falling into the hands of the bankruptcy trustee. *See* LLCs' App. 131-32 (Doc. 24-2 in Civil Action No. 3:14-CV-1552-L). McNair was copied on this correspondence between Baron and former Village Trust trustee Southpac, although RPV had not yet been created or appointed to replace the trustee. *Id.* Judge Furgeson saw through the motives of Baron and his former attorneys and denied their motion to approve the proposed settlement because it related exclusively to claims in the involuntary bankruptcy and provided for immediate disbursements from the receivership estate that would give Baron's former attorneys a priority over the receivership professionals. Judge Furgeson reasoned that this was an improper attempt to circumvent the Fifth Circuit's instructions for winding down the receivership and the bankruptcy code's priority system to achieve a result that could not otherwise be achieved under the law (Doc. 1286).

Further, although Southpac resigned "forthwith" on May 24, 2013, and RPV was appointed the successor to Southpac on June 28, 2013, the trust documents indicate that, on July 3, 3013, Southpac, *as trustee*, assigned its interest in the LLCs to RPV. Also notable is that the signature for Southpac on this assignment differs considerably from prior signatures by Southpac, including those on a May 24, 2013 letter, and 2011 documents. On July 3, 2013, Southpac, *as trustee*, also signed and acknowledged the notice of resignation of trust manager CDMS, even though Southpac had already been replaced as trustee by this date. Southpac's signature on this document also differs from its prior signatures. Moreover, a majority of the signatures on the trust documents is unclear, the signatures are not accompanied by printed names of the signatory, and there is therefore no way to verify who signed these documents. All of these issues lead the court to question the legality of the trust documents and entities and the veracity of the representations made to the court by those claiming to have authority to act on behalf of the LLCs.

**Memorandum Opinion and Order - Page 8**

between McNair and Payne from February 18, 2014, and March 5, 2014, indicate that each disputes the others' authority to act on behalf of the Trust and LLCs.

Further, RPV's evidence does not establish that Garrett and Keating, rather than Payne, were authorized by the LLCs or an authorized representative of the LLCs to file the appeal. While Keating submitted an affidavit, stating that he is counsel for the LLCs, he does not indicate when he was retained, who retained him on behalf of the LLCs, and for what purpose he was retained. In addition, Keating does not state that either he or Garrett was authorized by the LLCs to file the notice of appeal, which was filed June 28, 2013, more than one year before he made an appearance in the appeal. Thus, the court cannot determine from RPV's evidence whether Payne lacks authority or whether Garrett and Keating have authority to act on behalf of the LLCs, either generally or specifically with respect to the appeal at issue. RPV therefore has not met its burden with respect to its Motion to Strike or any request by it to enjoin Payne from acting on behalf of the LLCs based on his alleged lack of authority or McNair's alleged authority, and, for the reasons explained, its evidence fails to establish a substantial likelihood of success on the merits regarding this issue.

Moreover, Payne has had no involvement in the appeal at issue, and there is no indication that the Notice of Withdrawal of Notice of Appeal filed by him in this case on July 18, 2014, has had any effect on the pending appeal, which has been active since it was filed in 2013. As recently as January 15, 2015, a Fifth Circuit order pertaining to a motion filed by Baron and the LLCs in the appeal was docketed in this case as Doc. 1429. RPV's contention, based on Keating's belief that the LLCs *might* be subjected to harm *if* Payne attempts to file documents related to the appeal without authority, is simply insufficient and too speculative to meet its burden of showing that there is a

substantial threat that irreparable harm will result if Payne is not enjoined from taking further action on behalf of the LLCs either generally, or specifically with respect to the appeal.  Accordingly, for all of these reasons, the court **denies** RPV, Ltd.'s Motion to Strike (Doc. 1416).

**It is so ordered** this 24th day of March, 2015.

Sam A. Lindsay
United States District Judge